EATON'S ADMINISTRATOR, Defendant in Error, v. PERRY, GARNISHEE, Plaintiff in Error.

1. Drunkenness does not render a deed made under its influence absolutely void, but only voidable; so long as the grantor in the deed acquiesces in it, it can not be impeached by third persons on the ground that it was executed by him when drunk.

2. The first section of the act concerning fraudulent conveyances does not embrace deeds founded upon a valuable consideration.

3. The fact that a mother, intending to preserve the property of a dissolute and spendthrift son for his future support, procures a deed of conveyance thereof to herself, can not of itself, no debts of the son at the date of the execution of the deed appearing, make the deed void.

*Error to Washington Circuit Court.*

This was a garnishment proceeding upon an execution issued against William M. Perry upon a transcript of a judgment rendered by a justice of the peace. Sarah A. Perry, his mother, was summoned as garnishee. The plaintiff filed allegations and interrogatories. In the allegations it is charged that Mrs. Perry purchased the interest of her son in the estate of his uncle John Perry, deceased, for $1,500, which was less than one-fourth its value; that William M. Perry was drunk and incapable of managing his business; that he was largely indebted at the time of the sale; that said purchase was made by Mrs. Perry with collusion of others to cheat said William and prevent his paying his just debts; that the consideration of $1,500 was not even paid; that notes were given, which were afterwards cancelled with a view to defraud creditors. The garnishee in her answer denied being indebted to her son William at the time of the garnishment. She admits that she bought her son's interest in his uncle's estate at less than its value, and that she did it for the sake of preserving it for his support. She denied that he was drunk at the time he made the conveyance, and that he was largely indebted at that time; and says that what debts he did owe are paid, and that he owes no debts except such as have been contracted for drink.

At the trial the plaintiff introduced the deed in evidence, and offered evidence to show that William M. Perry was drunk when the deed was executed; that his brother Samuel had tried ineffectually to get a deed from said William M. Perry; that the value of the interest conveyed was worth four or five thousand dollars. The date of the judgment before the justice of the peace was August 20, 1853; of the execution, March 11, 1856; of the service of garnishment, April 24, 1856. The date of the deed to Mrs. Perry is July 7, 1852.

The court, of its own motion, gave the following instructions: "2. If the jury find that the defendant or her agent took advantage of the drunken condition of William M. Perry, and fraudulently procured him to sell and convey his interest to her at a greatly inadequate price, they will find for the plaintiff the amount of his debt. 3. If the jury find that the conveyance of William M. Perry's interest in his uncle's estate was made to his mother in trust and for the use and benefit of William M. Perry, they will find a verdict for the plaintiff for the amount of his debt and interest thereon from the date of the judgment."

*Frissell*, for plaintiff in error.

*Perryman*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

The second instruction given by the court in this case was, in our judgment, erroneous.

Drunkenness does not render a deed made under its influence absolutely void, but only voidable. A deed, made by a person when drunk to such an extent as would authorize him to repudiate it, may be ratified by the maker when sober so as to bind him and his personal representatives. (Taylor v. Patrick, 1 Bibb, 168; Arnold v. Hickman, 6 Munf. 15.) Judge Colcock remarks, in Williams v. Inabuck, 1 Bailey, 343, "Even if a man is so much intoxicated as not to know what he is doing, he may afterwards confirm the contract by

his acts. If he does not intend to be bound by it, he should go, the instant he is restored to his senses, and return all that he received as a consideration." Besides, the defence of drunkenness, like that of infancy, duress, imbecility, &c., is a personal one, and if the party, whose interest is affected by a contract made when drunk, chooses to abide by it when sober, third persons are not permitted to interpose. (See Cole v. Gibbons, 3 P. Wms. 290.)

The drunkenness of William M. Perry, the grantor in the deed sought to be impeached by one of his creditors, had nothing to do with the case so long as William M. Perry himself acquiesces in this deed. There is nothing in the case to show that William M. Perry desires to avoid this deed, and, for aught that appears, he may have ratified it, when sober.

There was no evidence of any actual fraud on the part of the mother, in procuring this deed from her son, other than the circumstance of drunkenness, to which we have alluded. The habitual intemperance of the son, connected with his utter unfitness to manage his own affairs, certainly furnished no grounds for imputing fraud to his mother for simply attempting to place his property, or rather his expected property, beyond the reach of sharpers. That part of the second instruction, therefore, which put to the jury the question of fraudulent designs on the part of Mrs. Perry, appears to be entirely gratuitous.

The third instruction submitted to the jury a question of law—the proper construction of the first section of the act concerning fraudulent conveyances. The court should have explained to the jury what circumstances constituted a conveyance " a trust to the use of the person making it" so as to be within the operation of this section. (Robinson v. Robards, 15 Mo. 459.) It will be seen that this section applies only to voluntary conveyances, and does not embrace deeds founded on a valuable consideration. (1 Tuck. Comm. 344.) The deed from William M. Perry to his mother was founded on a valuable consideration; but if it

was merely voluntary, and there were no debts at the time of its execution, it is not perceived how the circumstance that Mrs. Perry, the grantee, intended to preserve the property for her son's support could of itself make the deed void.

The judgment is reversed and the case remanded. The other judges concur.