Craig v. Van Bebber.

---

CRAIG *et al.* v. VAN BEBBER *et al., Appellants.*

1. **Infant: CONVEYANCE BY : DISAFFIRMANCE.** Where a minor executes a deed for land and after attaining his majority conveys the same land to a third person, the second deed is a disaffirmance of the first.

2. ———: ———: ———. So the deed executed during minority may be avoided by a suit in ejectment after majority.

3. ———: ———: ———. A petition which is the ordinary form of one in an action of ejectment is sufficient.

4. ———: ———: RETURN OF CONSIDERATION. Where the conveyance has been executed by the infant and the contract has been in whole or in part executed by the adult grantee and the infant on attaining his majority repudiates the transaction he must, as a rule, return the property or consideration received.

5. ———: ———: ———. Where, however, the infant has wasted or squandered the consideration during infancy, then he can repudiate the contract without making a tender of restitution.

6. ———: ———: UNPAID PURCHASE MONEY. Where the infant on coming of age has repudiated his deed he cannot recover the unpaid purchase money.

Craig v. Van Bebber.

7. ——: ——: RATIFICATION. An offer after coming of age to make a deed of ratification upon the condition that the unpaid purchase price is paid or secured is no evidence of a confirmation of the conveyance.

8. ——: ——: AVOIDANCE AS TO HUSBAND. Where the deed is disaffirmed because of the minority of the wife, it is avoided as to the husband who joined her in making it.

*Appeal from Linn Circuit Court.*—HON. HARRY LANDER, Special Judge.

AFFIRMED.

*Silver & Brown* with *W. J. Patterson* for appellants.

(1) The court erred in refusing the first declaration of law as asked by defendants. The disaffirmance of the conveyance should have been pleaded by the plaintiffs. *Voorhies v. Voorhies*, 24 Barb. 150. (2) Defendants' second declaration of law should have been given as asked by them. Before plaintiffs could recover, defendants were entitled to a return of the purchase money. This is the well-settled law of this state. *Baker v. Kennett*, 54 Mo. 82-88; *Highley v. Barron*, 49 Mo. 103; *Kerr v. Bell*, 44 Mo. 120. "There can be no right of recovery as long as any part of the consideration is withheld." Authorities *supra*. The above doctrine has support elsewhere. 1 American Lead. Cases (Hare & Wallace) p. 320, *et seq.*, and authorities cited. And if a minor receives and retains the proceeds of a sale of real estate, he is estopped from denying the validity of the sale. 1 Parsons on Contracts, star p. 326, *et seq.* The defendants who hold mediately under the infant's conveyance are entitled to a return of the purchase money paid by them before plaintiffs can recover. *Rundle v. Spencer*, 34 N. W. Rep. (Mich.) 548. The trustee's deed shows that defendant Sprankle paid nine hundred and twenty-two dollars for the land in controversy. (3) Defendants' declarations of law

numbered 4 and 6 should have been given. The evidence shows that the plaintiff, after Ella Craig attained her majority, was willing to accept payment of the notes for the deferred purchase money and endeavored to collect them; that suit was in fact brought on said notes. This amounted to an affirmance of the contract and the declarations of law should have been given. *Ferguson v. Bell*, 17 Mo. 347; *Highley v. Barron*, 49 Mo. 103; *Hastings v. Dollarhide*, 24 Cal. 195; *Wheaton v. East*, 5 Yerg. 41; *Irvine v. Irvine*, 9 Wall. 517. (4) The husband and wife, under repeated decisions in this state, cannot jointly maintain ejectment for her lands (not her separate estate) because the husband is entitled to their exclusive possession. *Gray v. Dryden*, 79 Mo. 106; *Kanaga v. Railroad*, 76 Mo. 207; *Wilson v. Garaghty*, 70 Mo. 517; *Rust v. Goff*, 94 Mo. 511. The title to the land being in the wife, neither she nor her husband can now recover her possession. She cannot recover because the husband alone is entitled to the possession of the wife's lands; he cannot recover because by his voluntary deed he has parted with its possession and is estopped to deny its effect. *Deguire v. Lead Co.*, 37 Fed. Rep. 663; *Dyer v. Wittler*, 89 Mo. 81; *Kanaga v. Railroad*, 76 Mo. 207. Defendants' declarations of law numbers 5 and 1 should, therefore, have been given.

*H. K. West* and *A. W. Mullins* for respondents.

(1) The circuit court did not err in refusing the defendants' first declaration of law. The bringing of this suit was a sufficient disaffirmance of the conveyance to Tabor, and the disaffirmance need not be pleaded. *Harris v. Ross*, 86 Mo. 89, p. 96; Kelly on Contracts of Married Women, p. 121; Tiedeman on Real Property, sec. 793; Tyler on Infancy and Coverture [2 Ed.] p. 73. (2) The court did not err in refusing the defendants' second declaration of law. Facts which constitute an estoppel *in pais* must be pleaded. *Bray v. Marshall*,

Craig v. Van Bebber.

75 Mo. 327; *Hammerslough v. Cheatham*, 84 Mo. 13; *Noble v. Blount*, 77 Mo. 235. (3) The defendant Sprankle was not entitled to be subrogated to the rights of Tabor with respect to the money; the doctrine of subrogation does not apply to volunteers or speculators. *Norton v. Highleyman*, 88 Mo. 621; *Price v. Estill*, 87 Mo. 378; *Price v. Courtney*, 87 Mo. 387; *Bunn v. Lindsay*, 95 Mo. 250. (4) It is clear that the plaintiffs were not willing to affirm the deed except upon compliance with certain conditions; this does not amount to an affirmance of the deed. *Clamorgan v. Lane*, 9 Mo. 442; *Baker v. Kennett*, 54 Mo. 82; Tyler on Infancy and Coverture, sec. 44. (5) The defendants' fourth point is not well taken. It is too late now for defendants to complain of a misjoinder of parties. *Edmondson v. Phillips*, 73 Mo. 57; *Kellogg v. Malin*, 62 Mo. 429. (6) When land belongs to a married woman, acquired under the married woman's law (G. S. Mo. 1865, p. 464, sec. 14; 1 R. S., p. 559, sec. 3295), and she and her husband join in a deed which fails to convey the wife's title, such deed also fails to convey the husband's marital interest. *Hoskinson v. Adkins*, 77 Mo. 537; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Goff v. Roberts*, 72 Mo. 570; *Wilson v. Albert*, 89 Mo. 537; *Mueller v. Kaessmann*, 84 Mo. 318; *McBeth v. Trabue*, 69 Mo. 642; *Wannall v. Kem*, 51 Mo. 150.

BLACK, J.—This is an action of ejectment for one hundred acres of land, commenced by Ella Craig and her husband, Daniel Craig, against Van Bebber, Tully and Sprankle. The plaintiff Ella Craig inherited the land from her father, and she and her husband conveyed the same to Henderson Tabor by a deed dated the twenty-eighth of July, 1884, for the consideration of fourteen hundred and sixty-three dollars. Of this amount Tabor paid in cash three hundred and fifty dollars, and executed to them his four notes due in one, two, three and four

years for the balance of the purchase price and secured
the same by a deed of trust on the land. The sale was
made through an agent, and the agreement was that the
plaintiffs should have the first deed of trust. It seems,
however, that Tabor gave a deed of trust on the land to
secure a debt of eight hundred dollars, which was by
some manipulation made prior in point of time to the one
given the plaintiffs for purchase money. This prior deed
of trust was made by Tabor to one J. B. Watkins as trus-
tee. By virtue of authority set out in the deed of trust,
Watkins constituted W. J. Patterson his attorney in
fact to act for and in his behalf. Patterson as such
attorney in fact for Watkins advertised and sold the
property to defendant Sprankle on the eighth of October,
1886. The other defendants are the tenants of Sprankle.

The plaintiff, Ella Craig, was a minor, sixteen years
of age, when she and her husband executed the deed to
Henderson Tabor. The notes executed by Tabor are
now in the possession of the plaintiffs and have not been
paid. Mrs. Craig became eighteen years of age on the
eighteenth day of March, 1886, and this suit was com-
menced in November, 1886, to disaffirm the deed made by
her while a minor.

Plaintiffs did not offer to refund the three hundred
and fifty dollars. The evidence offered to show a ratifi-
cation is, in substance, this : ' As soon as the plaintiffs
learned that their deed of trust was a second lien instead
of the first, they demanded a first deed of trust accord-
ing to their contract, but their demand was refused.
They also demanded payment of the notes which was
refused. They executed a new deed after the wife
became of age, and offered to deliver it provided the
notes were paid or secured by a first deed of trust,
but upon no other condition. The plaintiff, Daniel
Craig, being asked if any suit had been brought for the
collection of the notes, said : "I think there has been, at
Linneus, I think." It does not appear when the suit

Craig v. Van Bebber.

was brought or what became of it. The notes, it is agreed, are in the possession of plaintiffs.

1. The point made here and by a refused instruction that the plaintiffs should have in terms set out in their petition and pleaded disaffirmance of the deed is not well taken. Where a minor executes a deed of conveyance of land, and after attaining majority conveys the same land to a third person, the second deed is a disaffirmance of the first. *Peterson & Wife v. Laik*, 24 Mo. 541. So, too, the deed executed while a minor may be avoided by a suit in ejectment after majority. 1 Am. Lead. Cas. (Hare & Wallace) [5 Ed.] 317; Tiedeman on Real Prop., sec 793. A petition which is in the ordinary form of an action of ejectment is sufficient.

2. Defendants asked, but the court refused to give, the following declaration of law : " The infancy of Ella Craig does not entitle plaintiffs to recover, as no offer or tender was made by them to return to Sprankle funds or consideration received by Ella Craig arising from the sale and conveyance of the land by her to Tabor."

The theory of this instruction is that plaintiffs were bound to make a tender to Sprankle of the three hundred and fifty dollars paid them by Henderson Tabor, the grantee in the deed which the plaintiffs seek to avoid. Where the contract has been executed by the infant, and has been in whole or in part executed by the adult, and the infant, upon coming of age, repudiates the transaction he must return the property or consideration received. This general rule has often been stated without any qualification whatever. But the weight of authority is that the rule can only apply where the infant has the property or consideration at the time he attains full age. If he has wasted or squandered the consideration or property during infancy, then he can repudiate the contract without making a tender. Tyler on Infancy [2 Ed.] sec. 37; *Green v. Green*, 69 N. Y. 553; *Chandler v. Simmons*, 97 Mass. 508; *Reynolds v. McCurry*, 100 Ill. 346; *Brandon v. Brown*, 106 Ill. 519;

*Price v. Furman*, 27 Vt. 268; *Walsh v. Young*, 110 Mass. 396. The privilege of repudiating a contract is accorded an infant because of the indiscretion incident to his immaturity; and if he were required to restore an equivalent, where he has wasted or squandered the property or consideration received, the privilege would be of no avail when most needed, *Kerr v. Bell*, 44 Mo. 120; *Highley v. Barron*, 49 Mo. 103, and *Baker v. Kennett*, 54 Mo. 82, are cited as affirming the general rule before stated without any exception, and some expressions used would seem to lead to that result; but a careful consideration of the facts of these cases will show that there was no occasion for considering the exception. The remarks there made must be read and understood in the light of the facts before the court. We entertain no doubt but the rule with the qualification before stated is the correct one.

The instruction is, therefore, faulty, and especially so in view of the evidence that Mrs. Craig did not have any money or property save the land in question. The notes are in the hands of the plaintiffs, and the fact of disaffirmance will discharge the maker, for the law is well settled that the infant, having repudiated his or her deed, cannot recover the unpaid purchase price.

3. The evidence fails to make out a *prima facie* case of ratification. There is no evidence that either Mrs. Craig or her husband ever received any part of the purchase price after she attained her majority. She and her husband did offer to execute and deliver a confirmatory deed upon being paid the balance of the purchase price, namely, eleven hundred and thirteen dollars, or upon receiving a first deed of trust upon the land securing that amount, but it did not suit the purposes of Tabor or any other of the interested parties to comply with that condition.

A mere acknowledgment that a debt exists or that a contract has been made will not constitute a ratification. *Baker v. Kennett, supra.* There must be an

intention to affirm the deed. A deed of confirmation is not necessary, but the act relied upon must be of such a nature as to show a clear intention to confirm the deed. An offer to make a deed of ratification upon the condition that the unpaid purchase price is paid or secured is no evidence of a confirmation. It rather shows a disposition to disaffirm, should the proposed condition not be performed.

4. This suit was brought for the very purpose of disaffirming the deed made by Mrs. Craig, and she was a proper and a necessary party plaintiff. Her husband is but a nominal party to the suit. But it is insisted that the wife cannot recover because the husband is entitled to the possession of her land, and that he cannot recover because by joining her in the deed he parted with his possession and right of possession.

Mrs. Craig held the land in question as her general property under section 3295 of the married woman's act. That section declares that a conveyance made by the husband during coverture of any interest in such real estate shall be invalid, unless the deed is executed jointly by the wife and husband and by her duly acknowledged. This statute, it has been held again and again, very materially modifies the common-law marital rights of the husband in the lands belonging to the wife. It is, so far as he is concerned, a disabling statute; so that he is utterly powerless to charge or convey the land or the rents, issues or products thereof, except by a deed jointly executed by himself and wife. *Mueller v. Kaessmann*, 84 Mo. 323; *Gitchell v. Messmer*, 87 Mo. 131; *Gilliland v. Gilliland*, 96 Mo. 522; *Wilson v. Albert*, 89 Mo. 537.

If the deed jointly executed by husband and wife is invalid as to the wife, because not properly acknowledged by her or because her signature has been procured by fraud, then it is ineffectual to convey the husband's limited marital interest. *Goff v. Roberts*,

72 Mo. 571; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Hoskinson v. Adkins*, 77 Mo. 538; *Hord v. Taubman*, 79 Mo. 101. These authorities show that a conveyance by husband and wife of the lands of the wife, to be valid as against the husband, must be valid as against the wife. Now, it is true that in the cases cited the deeds were worthless from the beginning, whilst here the deed is voidable only, but we do not see that this makes any difference. When the deed is disaffirmed, because of the minority of the wife, it becomes worthless as to the husband. As said in the case last cited, the title can only be transferred by an indivisible integer or not at all. So, too, if the deed be avoided as to the wife it is avoided as to the husband. It must stand or fall as a whole.

The law of this case is with the plaintiffs, and the judgment is affirmed. The other judges concur.