WM. E. DOWNING, by Next Friend, Respondent, v.
JOHN W. STONE, Appellant.

### Kansas City Court of Appeals, December 7, 1891.

1.  **Infancy:** CONTRACTS : RESCISSION BY MINOR : RESTORATION OF CON-
SIDERATION : THIRD PARTY.   If an infant seeks to avoid or rescind
an executed contract of sale, he must first restore all that he
received on that account, if he has it ; and such restoration and
offer to abrogate should be made to the party making the contract,
and not to another and different person, even though he may have
traded for the property sold.

2.  ——— : ——— : THIRD PARTY: CONVERSION.   The contract of
sale of goods by an infant is voidable during minority, and, when
he elects to avoid such contract and gives notice to his vendee
of the rescission, tendering back the consideration (if he has it),
then the matter stands as though no sale had ever been made,
and the infant may follow the property delivered to the vendee
into whosoever's hands he may find it, and may recover it in
kind, or maintain trover and conversion, if the possession is denied
him.

*Appeal from the Johnson Circuit Court.*—HON. CHAS.
W. SLOAN, Judge.

AFFIRMED.

*O. L. Houts,* for appellant.

(1)   A contract executed on both sides cannot be
repudiated by an infant party thereto without return-
ing the property or consideration received by the infant,
if he has it to return, and has not wasted or squandered
it.   This is the settled rule in this state.   *Craig v. Van-
Bebber,* 100 Mo. 584 ; *Baker v. Kennett,* 54 Mo. 82–88 ;
*Higley v. Barron,* 49 Mo. 103 ; *Kerr v. Bell,* 44 Mo. 120 ;
*Scotts v. Leonhard,* 40 Mo. App. 336 ; *Betts v. Carroll,*
6 Mo. App. 518.   The infant plaintiff in this case, on
his own evidence, could have made return of everything

he had received to appellant, and failed to do so. The judgment below should, therefore, have been for appellant, and should now be reversed. (2) Hartshorn's title to the mare was not void, but voidable at the election of the infant, before this option had been exercised, and, while Hartshorn had a right to sell, appellant purchased. By this purchase he took title, and his title could not be avoided if an offer to return the consideration received by the infant had been made by him to appellant, without showing that appellant purchased with the knowledge of the infancy, of which there is no evidence. For this reason the judgment should be reversed. *Heard v. Sack*, 81 Mo. 610.

*Samuel P. Sparks*, for respondent.

(1) The tender of the infant to Hartshorn, his vendee, and refusal of the latter of all the infant had received in the transaction, avoided the contract of sale. *Craig v. VanBebber*, 100 Mo. 584; *Paul v. Smith*, 41 Mo. App. 275; *Betts v. Carroll*, 6 Mo. 518. The infant had not the money of his own to make restitution at the time he elected to repudiate, and was not bound to do so. So say all the books. See authorities, *supra.* (2) In every sale of personal property the law implies a warranty of title, and on its failure the vendee has his action therefor. *Schell v. Stephens*, 50 Mo. 375; *Dryden v. Kellog*, 2 Mo. App. 87; 2 Benj. Sales, sec. 948, p. 828, *et seq.* When the infant avoided his contract with Hartshorn, there was a failure of the title thus warranted by the latter to Stone, and the latter had recourse against him thereon. (3) The doctrine of innocent purchaser, broadly hinted at in appellant's contention, has no application to sales of personalty in this country; but the rule *caveat emptor* is to be applied *propiore vigore.* 1 Benj. Sales, p. 15, note 5. This latent defect in Hartshorn's title—the right of the infant to repudiate—inhered, and Stone took it with this

infirmity. (4) A restoration or a proffer to restore to Stone, by the infant, of the consideration or the proportionate part of it received from Hartshorn, was not a condition precedent to his maintaining this action. He had received nothing of Stone, and the transaction between the infant and Hartshorn was, as to Stone, *res inter alios acta*. *Stephens v. Austin*, 1 Met. (Mass.) 557, *Wheaton v. Baker*, 14 Barb.. 594; *Kinney v. Kiernan*, 49 N. Y. 164, *loc. cit.* 173; 18 Cent. Law Jour. p. 482. (5) The infant's election to rescind was distinctly made by the notice in writing to Hartshorn, the offer to return the consideration, and the refusal of the same by the latter, rescinded the contract *in toto*, and reinvested the title to the mare in the infant. *Stephens v. Hyde*, 32 Barb. 171.

GILL, J.—William E. Downing, an infant, by his next friend, prosecutes this action against defendant for the conversion of a mare. The petition is in the usual form.. Case was tried by the court. Plaintiff's evidence showed that on August 5, 1889, Wm. E. Downing was about nineteen and one-half years of age; that he was on that day the owner of the mare in question of value of $100, and traded her to one Hartshorn, and received in exchange therefor, by proper .conveyance, the assignment of a patent churn, vesting in Downing the exclusive right to the whole patent within certain territory described in the deed, $45 in cash, and some orders for churns ; that about six weeks afterwards Hartshorn sold the mare to the defendant Stone ; that on November 20, 1889, some time after this sale, Wm. E. Downing tendered Hartshorn $45, the order for churns, offered to reconvey to him the patent and demanded the return of the mare from Hartshorn, who stated that he did not own her, could not return her if he desired, and refused to accept the tender. On the same day, but afterwards, Downing demanded the mare of defendant, who was then the owner of her, but made no offer to

give or deliver to defendant what had been received from Hartshorn for the mare, stating to defendant that he had made the tender to Hartshorn on that day, and that he, Hartshorn, did not accept. There was no evidence tending to show that defendant knew at the time he purchased the mare that Hartshorn had obtained her of an infant. Defendant introduced no evidence. At the close of plaintiff's evidence defendant asked a declaration of law in the nature of a demurrer to the evidence. The court refused the declaration and rendered judgment against defendant for the value of the mare and interest in the sum of $105.50. Defendant filed his motion for a new trial, which being overruled, excepted and appealed to this court.

We take it as the settled law of this, if not indeed of every other, state that, where an infant seeks to avoid or rescind an executed contract of sale made by him, he must first restore all that he received on that account, if he has it. *Kerr v. Bell*, 44 Mo. 120, 125; *Highly v. Barron*, 49 Mo. 103; *Baker v. Kennett*, 54 Mo. 82; *Craig v. VanBebber*, 100 Mo. 583; *Betts v. Carroll*, 6 Mo. App. 518.

Hence, it was then that the plaintiff, a minor vendor, when seeking to rescind the sale and take back the mare he had sold to Hartshorn, made the effort to restore the consideration he had received. If Hartshorn had still been in possession, and the owner of the mare at the time of the tender back of the purchase price, then plaintiff's right of action as against said Hartshorn would have been complete. But we have here a new and different feature, At the time of this tender back of the consideration, demand and attempted rescission, Hartshorn had sold and delivered the mare to defendant Stone. The question presented here, and at issue between the parties, is, whether in order to rescind the contract of sale, as made between plaintiff Downing and Hartshorn, the tender back of the consideration should be made to Hartshorn or to

Stone. We are of the opinion that the tender back and notice of rescission should be made to the party with whom the infant contracted; in this instance Hartshorn, and not to Stone, a stranger to the transaction. There was between the minor Downing and Hartshorn a contract, *voidable* it is true, but still an existing contract, and it is clear that a proposition to abrogate and declare nugatory such contract should be made to the *party making* the same, and not to another and different person. A contract existing between A and B cannot be rescinded by anything said or done between A and C.

II. But to my mind there is here a more serious question than the one above alluded to. Upon the facts here stated should plaintiff Downing be allowed any action against defendant Stone, whatever may be his right as against Hartshorn? From the evidence set out in the record we are warranted in the assumption that Stone was a *bona fide purchaser* for value of the mare from Hartshorn; that he bought and paid for the mare without any notice of Downing's infancy, or for that matter without any notice that Downing ever owned the mare at all, and to become such purchaser several weeks before Downing made up his mind to rescind or attempt to take the mare back. Admitting now these facts, there is much plausibility in the contention that, while the plaintiff may hold Hartshorn for the conversion of the mare, yet he ought not to be permitted to recover the animal, or her value, from this defendant, if he in good faith and for value purchased the animal before the attempted rescission. On the other hand, it may be well claimed that the sale of the mare to Hartshorn became, at the election of the infant plaintiff, as no contract, a nullity, and that the title thereto, on such election, must all the time be considered as vested in said minor, just as though no sale had occurred, and that plaintiff may follow up and recover his property from whomsoever may have the possession thereof.

A satisfactory decision of this question is attended with much difficulty. An investigation of the authorities possesses us with very few adjudications directly on this question. After a careful search, we have indeed found but one case precisely in point. In *Hill v. Anderson*, 5 Sm. & Marsh, 216, the exact question is passed on. There it appears that Anderson, a minor, sold and delivered some slaves to Exum, and Exum thereafter sold the same to Hill, who in good faith bought and paid for the slaves without notice of Anderson's minority. Upon a rescission Anderson was allowed to recover the property from Hill, regardless of his (Hill's) entire good faith in the purchase.

Of the great number of decisions we have examined on this question a case somewhat of kin to this is found in 6 Foster (N. H.) 280, entitled *Carr v. Clough*, and although the exact question as here in issue was not up for determination the court there held that, "by the rescission each party is entitled to his respective property *so far as they themselves are concerned*." "It follows," also, says the opinion, "in the absence of fraud, where the contract is fully executed, that until the same is rescinded the adult has the right to the property which he has received, and has the right to make a *bona fide* sale of the same before rescission." *Carr v. Clough*, 6 Foster (N. H.) 295. In this case the situation of a purchaser from the minor's vendee is, evidently, regarded the same as that of a *bona fide* purchaser of an article from a fraudulent vendee. In that class of cases the rule is well settled, that, where one is defrauded and deceived into making a sale and delivery of personal property to another, such contract of sale is, as in case of sale by an infant, not void but voidable at the election of the misused vendor ; but the vendor can only reclaim his property as against the vendee or a purchaser from such vendee with notice of the fraud. He cannot recover it, or its value, from a *bona fide* purchaser of the vendee. The recourse of the defrauded

vendor is only against such vendee or those purchasing the goods from him with notice.

Now, upon a painstaking consideration of these cases, with the principles back of them, we are constrained to follow that of *Hill v. Anderson, supra,* and to hold, that a contract of sale of goods by an infant is voidable during his minority, and when he elects to avoid such contract and gives notice to his vendee of rescission, tendering back the consideration (if he has it), then the matter stands as though no sale had ever been made, and the infant may follow the property delivered to the vendee into whosoever's hands he may find it, and may recover the property in kind or maintain trover and conversion if the possession is denied him. It is a rule, general in its application, that if the vendor has no title neither will his vendee acquire any. There are, it is true, some exceptions to this rule. For example, that, as it appears, where a *bona fide* purchaser from the fraudulent vendee is permitted to assert an indefeasible title though the seller had one defeasible. But this exception to the rule has for its basis the principle that, where one of two innocent parties must suffer, he who had put it into the power of one to do an injury to another should suffer rather than such other who was entirely free from blame. But in case of the minor he is regarded as the special charge of the law and of the courts. He is supposed incapable of the exercise of discretion of caring for and protecting his own interest. The law will do this for and in his behalf. As is well said by the counsel in the argument of *Hill v. Anderson :* "The privilege the infant has, by law, to avoid his contracts is given for his protection ; but what protection is afforded him, in reality, if his privilege is lost at the moment his property passes out of the possession of his vendee. Fraud might readily be practiced on the confiding and inexperienced infant by irresponsible and insolvent purchasers, and the next moment the privilege, which the

The Johnson Co. Sav. Bank v. Lowe.

law has given for his protection, might be lost to him in a transfer of the property."

We have been unable to find any Missouri case precisely covering this question. In the case of *Craig v. Van Bebber*, 100 Mo. 584, however, an infant was conceded the right to recover real estate conveyed during minority, even as against a *bona fide* purchaser from the infant's grantee. We see no reason in principle why a different rule should apply when the subject of contract is personal rather than real property. 1 Parsons on Contracts, section 322, where it is said, that this right of the infant "may be exercised against all equities of purchasers from the grantee."

It follows then that this judgment should be, and, therefore, is affirmed. All concur.