63 17
68 232

63 17
77 421

THE MARION DISTILLING COMPANY, Respondent, v. JULIUS C. ELLIS *et al.*, Appellants.

St. Louis Court of Appeals, May 28, 1895.

1. Possession of Personalty: PRESUMPTION OF TITLE. When a sheriff levies a writ upon personal property in the possession of a stranger to the writ, such possession affords a *prima facie* presumption of title in the latter.

2. Fraudulent Conveyances: CHATTEL MORTGAGE TO USE OF THE MORTGAGOR: EFFECT OF ENTRY INTO POSSESSION BY MORTGAGEE. A chattel mortgage executed with an oral agreement between the parties, that the mortgagor should be supported for six months out of the proceeds of the mortgaged property is fraudulent as to his creditors. But the entry into possession by the mortgagee, coupled with his abrogation of such fraudulent provision, will render the mortgage valid as to a subsequent attaching creditor.

3. ———: CONVEYANCE PROCURED THROUGH DURESS: RIGHTS OF CREDITORS OF GRANTOR. Creditors of a mortgagor, who levy upon the mortgaged property, can not avail themselves of the claim that the mortgagor was induced to execute the mortgage by threats and constraint amounting to duress; such a defense to the mortgage is personal to the mortgagor.

4. ———: PARTICIPATION IN FRAUDULENT INTENT: INSTRUCTIONS. In order that a preference given by an insolvent should be fraudulent as to his nonpreferred creditors, it is essential that both he and the favored creditor should have participated in the fraudulent intent. Accordingly, an instruction is erroneous, if it predicates the invalidity of the preference upon a fraudulent intent on the part of such creditor alone.

*Appeal from the Lincoln Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed (Biggs, J., *dissenting*).

*Robt. L. Sutton* and *Chas. Martin* for appellants.

*Norton & Avery* for respondents.

Bond, J.—Mrs. E. L. Robey conducted a drug store in Olney, Lincoln county, Missouri, in 1893. She was indebted to the Marion Distilling Company in the sum of about $320. On the eighth day of April a representative of this creditor called upon her for payment of the debt. After some negotiations she executed a chattel mortgage on the stock in trade of her drug store to secure the payment of said debt, upon an understanding that the business should thereafter be conducted for six months by one Northcutt as the representative of the creditor, who should, out of the proceeds, give Mrs. Robey a living. There was evidence tending to show that Mrs. Robey executed said mortgage under a threat made by the representative of the mortgagee, that, unless she did sign, he could and would put her husband in the penitentiary on account of a false statement or check given by him. The evidence further tended to show that the papers implicating the husband of Mrs. Robey were surrendered to her after the execution of said mortgage. A few days after this arrangement was made, the Marion Distilling Company, on the twelfth of April, through its agent, took possession of the drug store which was being managed by Northcutt, locked up the same, discontinued further business, and advertised the stock for sale under the provisions of the chattel mortgage given to it; and, while the store was so held awaiting the

day of sale under said mortgage, the sheriff of Lincoln county levied upon the stock therein contained under a writ of attachment against E. L. Robey and in favor of the Moffet-West Drug Company. Thereupon, the Marion Distilling Company replevied the goods so attached by the sheriff. This suit was tried in the circuit court of Lincoln county without the aid of a jury, and a verdict and judgment rendered in favor of plaintiff, from which the defendant appealed to this court.

Appellants insist that possession alone is not sufficient to maintain replevin, and that the plaintiff in such action must recover upon the strength of his own title. It is true that acts of possession can not avail plaintiff in an action of replevin, where his own evidence discloses title in another. *Draper v. Farris*, 56 Mo. App. 419. It is not the law, however, that possession alone is insufficient to maintain an action of replevin against a trespasser. *Springfield Grocer Co. v. Shackelford*, 56 Mo. App. 642. It has been expressly decided that a sheriff under writs of attachment against a particular person is *prima facie* a trespasser, if he levies the same upon property in the possession of a stranger to the writ, and that the possession of the latter affords the *prima facie* presumption of title in him. *State ex rel. Robertson v. Hope*, 88 Mo. 430. In the present case the undisputed evidence shows that the plaintiff was in the actual and exclusive possession of the stock of drugs, which was seized by the defendant sheriff under a writ of attachment running against a third party. This gave plaintiff *prima facie* the right to replevy such goods. The point made by appellant, that the court should have sustained a demurrer to the evidence on this showing, is, therefore, overruled.

It is next insisted by appellant that the first arrangement made between the representative of plaintiff and Mrs. Robey for the conduct of her drug business

for six months by one Northcutt, with a right in her to have a living out of its proceeds for that time, was a fraudulent reservation to her use. There is no doubt about the soundness of this position in the abstract. The difficulty of its application is that, under the uncontradicted facts, the foregoing arrangement was abrogated by the plaintiff a few days after it was made, when the plaintiff sent Mr. Young to close the store and sell out its contents according to the provisions of the chattel mortgage held by it. And, since it appears that the levy of the writ of attachment was subsequent to its rescission of the first arrangement between the plaintiff and Mrs. Robey, and while the goods were in the actual and exclusive possession of the plaintiff, the doctrine contended for by appellant has been held inapplicable. *Dobyns v. Meyer*, 95 Mo. 132; *Wood v. Hall*, 23 Mo. App. 116.

Conceding, for the argument, that the circumstances under which Mrs. Robey was induced to execute the mortgage given to plaintiffs amounted to constraint on her part equivalent to duress, and that she was entitled thereafter to avoid the effect of her signature to the mortgage, yet this defense was a personal one which enured to her benefit alone, and can not be taken advantage of by creditors. *Parker v. Roberts*, 116 Mo. loc. cit. 622; *Eaton's Adm'r v. Perry*, 29 Mo. 96; *Colbern v. Robinson*, 80 Mo. 541. The instructions requested by appellant on the theory, that the mortgage executed by Mrs. Robey was invalidated as against the creditor represented by appellant on account of the threats upon which it was given, were, therefore, properly refused.

The foregoing views also show that the court was right in refusing to submit the issue of fraud in law in the contract between plaintiff and Mrs. Robey prior to the taking of possession by plaintiff of the mortgaged goods. The only other instruction requested by defend-

ant, whose refusal was not justified by the foregoing discussion, is number 4, to wit:

"Although the court finds from the evidence that the plaintiff had a valid and subsisting claim against E. L. Robey, yet, if the court further finds that the said plaintiffs obtained possession of said goods and chattels for the purpose and with the intention of defrauding, hindering or delaying the creditors, or any creditor, of said E. L. Robey in their collection of their debt, then the finding and judgment of the court will be for the defendant."

This instruction is fatally defective in not submitting the question of the intent of the debtor, E. L. Robey. A transfer of property by a debtor to pay or secure the claim of a creditor can not be invalidated as fraudulent, unless such was the intent of the two parties. The fact that the debtor may thereby have intended to hinder, delay or defraud creditors, is insufficient to avoid the transaction, unless the creditor participated in that intent. Likewise the intent of the creditor to defraud is insufficient, in the absence of any such intention on the part of the debtor. The essential element of fraudulent intent on the part of the debtor, E. L. Robey, is wholly ignored in the instruction, *supra*, for which reason it was correctly refused. *Nelson Distilling Company v. Hubbard*, 58 Mo. App. *loc. cit.* 26; *Morgan v. Wood*, 38 Mo. App. *loc. cit.* 264; *Van Raalte v. Harrington*, 101 Mo. *loc. cit.* 609; *National Tube Works v. Machine Company*, 118 Mo. *loc. cit.* 375; *Parker v. Roberts*, 116 Mo. 657; *Joseph Nelke and Company v. Boldridge*, 43 Mo. App. 336.

Finding no reversible error in the judgment, it will be affirmed. Judge ROMBAUER concurs; Judge BIGGS dissents.