O. C. ZUCK, by next friend, Appellant, v. TURNER HARNESS AND CARRIAGE CO., Respondent.

**Kansas City Court of Appeals, May 16, 1904.**

**INFANTS: Sales: Rescission: Return of Property.** If an infant seeks to avoid an executed contract of sale he must first restore all that he has received on that account if he has it.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*H. J. Green* for appellant.

(1)  Sec. 3423, R. S. 1899; Kerner v. Wilkerson, 70 S. W. 509.  (2)  A finding in a replevin suit brought by an infant while yet a minor to recover possession of chattels taken from her by virtue of a chattel mortgage given by her to secure the payment of money borrowed for a business enterprise, that she can not disaffirm the contract made by the mortgage without first restoring the consideration is erroneous.  Corly v. Burton, 32 Mich. 30.  (3)  A chattel mortgage is not enforceable against a minor mortgagor.  Barney v. Rutledge, 104 Mich. 289, 62 N. W. 369, 74 Mich. 698, 42 N. W. 166. Stern v. Freeman, 61 Ky. 309.

*Thomas & Hackney* for respondent.

(1)  The court committed no error in its finding and judgment in favor of the defendant.  (2)  The general rule is that in order for an infant to disaffirm his contract and recover back any property with which that infant has parted, he must restore what he has re-

ceived. He can not recover so long as any part of the consideration in his possession is withheld. Downing v. Stone, 47 Mo App. 144; Kerr v. Bell, 44 Mo. 120; Baker v. Kenneth, 54 Mo. 80; Craig v. Vanbibben, 100 Mo. 584. (3) The case of Koener v. Wilkerson, cited in appellant's brief, has no application to this case. Section 3423, R. S. 1899, does not change the rule.

BROADDUS, J.—On March 11, 1901, plaintiff, a minor, but who claimed to defendant company to be twenty-one years old, purchased of said defendant a buggy and one set of buggy harness, in payment for which he executed one note for $40 with eight per cent interest, due September 1, 1901, and a second note for a similar amount, bearing the same rate of interest, due January 1, 1902, securing the same by executing a chattel mortgage conveying to defendant the buggy and harness and also the mare in dispute. Default being made in the payment of the notes, the defendant took possession of the buggy and mare but not the harness, the latter being in the possession of plaintiff at the time of the trial. The latter replevined the mare without at any time before judgment tendering the harness back to defendant.

The cause was tried by the court without the aid of a jury. The finding was for defendant. No instructions were asked and none were given.

The finding and judgment of the court must be upheld.

In Downing v. Stone, 47 Mo. App. 144, it was held —and many authorities were cited to sustain the holding—that, "if an infant seeks to avoid or rescind an executed contract of sale, he must first restore all that he has received on that account if he has it." And that was a case like this where the person sought to avoid the contract during his minority.

Affirmed. All concur.