SAMUEL VAN HORN, Respondent, v. GEORGE
PERSINGER, Appellant.

**Kansas City Court of Appeals, November 10, 1919.**

1. **INTOXICATION: Barber Shop: Sale: Avoidance.** If one is so
deeply intoxicated that he does not know what he is doing he
may avoid his contract. So *held* where one purchased a barber
shop outfit from another who was rendered incapable by an
excessive use of intoxicants.

2. **CONTRACT: Avoidance: Restoring Consideration.** If one seeks to
avoid his contract on the ground that he was bereft of reason and
capacity by being drunk, he may do so without returning the
consideration received, where, before being restored to reason,
he has lost squandered or disposed of such consideration. The
law is likened to the contract of infants.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B.
Allen,* Judge.

AFFIRMED.

*Spencer & Landis* for appellant.

*James C. Growney* for respondent.

ELLISON, P. J.—Plaintiff's action is replevin
whereby he seeks to recover the tools and implements
of a barber shop, spoken of in evidence as a "barber
shop" valued at $325. No bond was given and the prop-
erty remained in defendant's possession. Plaintiff was
successful both in the justice court and the circuit court
where it was taken on appeal.

The evidence tended to show that defendant was
the owner of a barber shop which he sold to plaintiff for
$650, on the 1st of September, 1918. That he claimed
to have bought it back in a little over a month after-
wards for $150, and assuming a debt of plaintiff for
$78. Plaintiff denied any knowledge of the latter pur-
chase.

There was abundant evidence tending to show that shortly after plaintiff's purchase from defendant the former became a helpless drunkard and that when defendant claimed to have purchased the shop back from him he was too far gone in his drunken condition to be aware of what he was doing.

On becoming capable for business plaintiff found defendant in possession claiming to be the owner and he thereupon denied his title and instituted this action. The chief ground of complaint against the judgment is that before plaintiff could maintain the action he should have restored to defendant the consideration paid him for the shop. It does not appear in evidence that plaintiff has the consideration defendant claims to have paid him. The jury must have found that he did not, since they were instructed, at the request of defendant, that if they believed he did and that he never returned it, the verdict would be for defendant. Under this instruction the jury must have refused to believe that defendant paid plaintiff any money at the time he claimed to have made the purchase while plaintiff was helplessly intoxicated.

There is no foundation for defendant's point that the instructions for plaintiff were inconsistent with the one for defendant just referred to. They did not direct a verdict for plaintiff on any hypothesis submitted. They merely correctly declared, in substance, that if plaintiff was so drunk at the time of the alleged sale to defendant that he was bereft of understanding and incapable of caring for himself, then the sale was of no effect and, as against plaintiff, transferred no right of property or possession. One of plaintiff's instructions used the word "void" in referring to the sale. Ordinarily "voidable" is the appropriate word, but as to this case, in view of plaintiff's insistence that he did not sell to defendant and his instituting the action the use of the word "void" was not material error.

Referring again to defendant's point that before plaintiff can maintain an action for the property he must restore to defendant the consideration received, we

recognize the law that if one does not intend to be bound by a contract of sale made when he is too drunk to understand what he is doing he should, when restored to his senses, return the consideration he received (Eaton v. Perry, 29 Mo. 96, 98), yet there is this qualification to be borne in mind, viz, that he must still have that consideration when he recovers his mental responsibility, otherwise, if it pass from him when incapable of knowing what became of it, so that he cannot restore it, he would be deprived of the law which has for its object protection to his weakness.

Incapable drunkards and infants are alike in the respect here considered and the rule applicable to one may well be applied to the other; and as to the latter it is well settled that before he can be denied the right of avoiding his contract on the ground of not restoring the consideration he must have it at the time he reaches his majority. [Craig v. Van Bibber, 100 Mo. 584, 589; Lacy v. Pixler, 120 Mo. 383, 389; Ridgeway v. Herbert, 150 Mo. 606, 615; Tower-Doyle Co. v. Smith, 86 Mo. App. 490; Koerner v. Wilkinson, 96 Mo. App. 510; Zuck v. Harness Co., 106 Mo. App. 566.] In the first and third of those cases, it is said that if the infant has lost or squandered the consideration he may avoid the contract without returning the consideration or its equivalent.

We think the judgment is for the right party and that it should be affirmed. All concur.