**SCHMIDT et al. v. NATIONAL AUTO.
& CAS. INS. CO.**

**No. 14826.**

United States Court of Appeals,
Eighth Circuit.

Oct. 23, 1953.

Rehearing Denied Nov. 16, 1953.

Rudolph K. Schurr, St. Louis, Mo.,
(Schurr & Inman, St. Louis, Mo., Cletus
E. Rudolph, John C. Kappel, Jr., and

Harry G. Neill, Jr., St. Louis, Mo., on the brief), for appellants.

Lee M. Carter, St. Louis, Mo. (Moser Marsalek, Carpenter, Cleary & Carter, St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

The National Automobile & Casualty Insurance Company brought this action against Eugene P. Schmidt and Dorothy E. Schmidt, parents of Eugene P. Schmidt, deceased, and Helene St. John and Patrick E. St. John, appellants, seeking a declaratory judgment exonerating it from liability under a one year collision and liability policy dated October 16, 1949, issued by it to Edward G. St. John covering a 1948 Cadillac 5 passenger Club Coupe automobile. The insured died March 10, 1950. Thereafter and on the 4th day of August, 1950, this Cadillac automobile was involved in a collision resulting in the death of one of the occupants, Eugene P. Schmidt, and serious injury to the other occupant, Patrick E. St. John. The policy contained the following provisions:

> "Assignment. Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless cancelled, shall, if written notice be given to the company within sixty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) under coverages A and B, subject otherwise to the provisions of Insuring Agreement III, any person having proper temporary custody of the automobile, as an insured, and under coverage C while the automobile is used by such person, until the appointment and qualification of such

legal representative but in no event for a period of more than sixty days after the date of such death or adjudication."

No legal representative was appointed for the estate of the deceased insured, Edward G. St. John, until November 27, 1950, and no written notice of his death or the appointment of a legal representative of the insured was given to the insurance company. The premium covering the full duration of the policy was paid at the time the policy was issued. The policy also contained a provision that, "This policy may be canceled by the company by mailing to the named Insured at the address shown in this policy written notice stating when, not less than five days thereafter, such cancellation shall be effective." In the event of the cancellation of the policy by the insurance company it was required to return to the insured the unearned premium. The insurance company gave no notice of cancellation prior to the time of the accident here involved nor did it return nor offer to return the unearned premium until after the expiration date of the policy which was October 16, 1950, nor until June 5, 1951, at which time the company mailed to the surviving widow of the insured a check for $102.89 representing the unearned premium, it being recited in the letter accompanying said check that the check represented the pro rata refund for the period from May 11, 1950, to the expiration date of the policy. This check was declined and returned to the insurance company.

On April 5, 1951, Eugene P. Schmidt and Dorothy E. Schmidt, appellants herein, filed suit in the state court against appellant Patrick E. St. John seeking to recover damages by reason of the death of Eugene P. Schmidt in the collision in which this Cadillac automobile was involved. Thereafter and on the 10th day of April, 1951, the insurance company filed complaint in the present action seeking a declaratory judgment. In a supplemental complaint the insurance company alleged that the policy had lapsed and terminated May 10, 1950, which was 60 days after the date of the death of the named insured, but that " * * * it cannot safely undertake the defense of the action brought by Eugene P. Schmidt and Dorothy Schmidt without abandoning its position that there is no coverage under the policy." The policy contains the following provision relative to the duty of the insurance company to defend:

"As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * * ."

After action was brought to recover damages for death resulting from the collision in which the insured Cadillac was involved the insurance company through its attorneys wrote the defendants named in the damage action advising that the company would defend the action of Eugene Schmidt and Dorothy Schmidt against Patrick St. John with the understanding that in so doing the company was not waiving any of its rights under the policy of insurance. In answer to this communication counsel representing defendants in the damage action wrote counsel representing the insurance company advising that the insurance company would be obligated to accept full responsibility for any judgment rendered and further emphasized that no agreement existed relative to any conditions under which defense of the action could be accepted. Thereafter and on the 8th day of June, 1951, the insurance company filed an answer on behalf of defendants in the damage action and assumed the defense thereof. The facts were all stipulated except that one witness was called by the plaintiff for the purpose of proving the records of the insurance company relative to the issuance of the policy and any action of the company or its officers with reference thereto. The court found the issues in

favor of the insurance company and adjudged that there was no liability, duty or obligation on the part of the insurance company to defend or pay any claims or judgments or to pay any costs or expenses in defense of any suit brought against Patrick E. St. John or Helene St. John arising out of the accident which occurred on August 4, 1950, or any other accident involving the Cadillac automobile occurring after May 10, 1950.

On this appeal defendants contend that the court erred in entering judgment in favor of plaintiff (1) because the policy was not cancelled prior to the date of the accident and did not expire nor terminate prior to the expiration date of the policy and (2) that the insurance company having undertaken the defense of the state court action assumed liability and thereby waived the question of failure to give written notice of the death of the named insured.

The insurance policy was written as a one year policy and on its face its expiration date was October 16, 1950. The full year's premium was paid in advance and the accident for the liability of which relief is sought against the insurance company occurred during the life of the policy unless it was terminated by reason of the fact that no notice was given the insurance company of the death of the named insured and no administrator of the estate of the named insured was appointed within 60 days from the date of his death. It seems to be conceded that notwithstanding the death of the insured the policy continued in effect for a period of 60 days after that date, but it is contended by the insurance company that the policy was terminated by reason of the failure to give written notice of the insured's death. In other words this failure to give written notice resulted in a forfeiture. The policy on its face does not state that failure to give this notice will result in terminating the policy, but it is claimed that this is to be inferred from the provision that if such notice be given within 60 days from the death of the insured then the policy will cover the legal representatives of the insured or any person having proper temporary custody of the automobile for a period not exceeding 60 days after the date of such death. What is to result in the event such notice is not given is not stated in the policy itself. Time is not declared to be of the essence of the contract and nothing was done by the insurance company looking to a termination or cancellation of the policy until long after the insured died, long after the accident involving the car occurred, and long after the policy by its terms had expired. Indeed nothing was done in that regard by the insurance company until after the action was brought in the state court seeking to recover damages growing out of the accident in which the insured car was involved. It is to be noted that the policy contained no provision for a return of unearned premium if the policy should be terminated prior to its expiration, but it did contain provision for the return of such unearned premium in the event the insurance company elected to cancel the policy, and while the company contends that its notice was not for the purpose of cancelling the policy it nevertheless followed the provision in the policy for effecting such a cancellation. No affirmative act of any beneficiary under the policy was detrimental to the insurance company. If notice had been given that would not have resulted in a benefit to the insurance company, and although the insurance company in this suit was seeking affirmative equitable relief, it is observed that there is neither allegation nor proof that the company did not acquire and have actual knowledge of the death of the insured within sixty days after it occurred.

With this background we turn to a consideration of the conduct of the parties subsequent to the institution of the state court action. After receiving notice of the filing of the state court action, as has been observed, counsel for the insurance company offered to take over the defense of that action with the reservation that it was not waiving any of its defenses under the policy. This offer was rejected by counsel representing the defendants in the state court action and

counsel for the insurance company were advised that "no agreement exists between us or with my clients relating to any conditions under which you accept the defense of these actions." Notwithstanding the fact that this offer was rejected the insurance company took over the defense of the state court action and filed answer on behalf of the defendants therein. This it had a right to do, not by reason of any request or consent of the defendants but by reason of the provision in the policy making it a duty of the insurance company so to do. In so doing the insurance company deprived the defendants in that action of their right to conduct their own defense and thus estopped itself to deny that the policy was then in effect. Compton Heights Laundry Co. v. General Accident, Fire & Life Assur. Corp., 195 Mo. App. 313, 190 S.W. 382, 383; Royle Mining Co. v. Fidelity & Casualty Co., 161 Mo.App. 185, 142 S.W. 438; National Battery Co. v. Standard Acc. Ins. Co., 266 Mo.App. 351, 41 S.W.2d 599; Myton v. Fidelity & Casualty Co., 117 Mo.App. 442, 92 S.W. 1149; Rieger v. London Guarantee & Accident Co., 202 Mo.App. 184, 215 S.W. 920; Miller v. Union Indemnity Co., 209 App.Div. 455, 204 N. Y.S. 730. At the time counsel for the insurance company filed answer on behalf of the defendants in the state court action it knew that notice of the death of the insured had not been given within 60 days of his death and it knew that an administrator of the estate of the deceased had not been appointed within 60 days from the date of the insured's death. It also knew that those claiming to be beneficiaries under the policy were asserting claims growing out of the accident in which the insured automobile was involved and it alleged in its complaint in this action that " * * * it cannot safely undertake the defense of the action brought by Eugene P. Schmidt and Dorothy Schmidt without abandoning its position that there is no coverage under the policy." It did, however, undertake that defense and having done so we think it abandoned its position that there was no coverage under the policy. In Na-

tional Battery Co. v. Standard Acc. Ins. Co., supra [266 Mo.App. 351, 41 S.W.2d 604], the court considering the effect of an assumption of the defense by an insurance company among other things said:

"So far as this record shows, defendant was in possession of all the facts and had all the knowledge which it now has, at the time it assumed liability, and by its conduct then elected its course, waived the question of delayed notice and the alleged breach by plaintiff of the provision of the contract in reference thereto, as well as the question of the liability being within the terms of the policy. Its subsequent disclaimer did not relieve it."

What is said in Myton v. Fidelity & Casualty Co., supra [117 Mo.App. 442, 92 S.W. 1151], is here apposite. The court there, among other things, said:

"Defendant entirely ignores the effect of its own conduct. In the assertion of its contract right, it took out of plaintiff's hands the defense of the suit brought against her and assumed and exercised the exclusive management thereof."

Again in Rieger v. London Guarantee & Accident Co., supra [202 Mo.App. 184, 215 S.W. 930], the court said:

"The plaintiff had the right to insist that, if the company was not going to recognize its liability under the policy, it had no right to control his defense, which right they could claim only by virtue of that policy."

Referring to the effect of taking charge of the defense under circumstances not unlike those in the instant case, in Compton Heights Laundry Co. v. General Accident, Fire & Life Assur. Corp., supra [195 Mo.App. 313, 190 S.W. 385], the court said:

"Where, as in the case at bar, the testimony tends to prove that the insurer recognized an accident as covered by its policy and proceeded to act thereunder according to its terms, the insured is presumed to

have been prejudiced by such conduct, and this is not a rebuttal presumption."

We are of the view that the insurance company undertook and took over the defense of the state court action by virtue of the provision in its insurance policy making it its duty so to do and having done so with knowledge of all the existing facts it cannot now be heard to assert that the policy was not in effect at the time of the accident in which the insured car was involved. The judgment appealed from is therefore reversed and the cause remanded with directions to dismiss plaintiff's action upon its merits.