## WARD ET AL. *vs.* STEAMBOAT LITTLE RED.

1. Plaintiffs, who were the owners of a ferry-boat, brought suit against defendant, under the act concerning boats and vessels, for an injury to their reversionary interest in the boat. Some of the plaintiffs were minors, and sued by guardian. It appeared, that the adult plaintiffs had leased the boat to one Ward, but it did not appear that the lease was executed by the infant plaintiffs, or their guardian : *Held,* that the infants, by joining in the suit, had affirmed the contract of the other part-owners.

2. An infant can become a party to a contract, made without authority from him, by his subsequent adoption of it, as well as by his previous express consent. If an infant affirms a contract, he alone can say that he is not bound. None but the infant himself can avoid his contracts.

### ERROR to Cooper Circuit Court.

Todd and Hayden, *for Plaintiffs.*

The plaintiffs contend, that the evidence offered was competent and legal, and will maintain the action : because—

1. The plaintiffs were partners, sharing in the profit and loss of the business.— 7 Mo. Rep., 560.

2. Infants may be partners.—Gow on Partnership, 1, and in same note (1), must join in an action by the firm; same, 128.

3. Contracts, gifts, and grants beneficial to the interest of infants, will be enforced, and the law implies acceptance.

LEONARD *and* MILLER, *for Defendant.*

The instructions were properly given, and the court properly overruled the motion to set aside the non-suit and grant a new trial.

1. Because the suit was brought in the name of the infants, Paulina and George W. Parker, by their guardian, Rebecca Parker, and complainants offered no record or other sufficient evidence of her guardianship.— See 4 Bibb, 14, Floyd *vs.* Breckenridge; same book, 391; Henderson's Administrator *vs.* Clark, 1 Saunders, 275, note *a.*; 2 Saunders, 47, *n.*; 2 Starkie, 315, title, "Executors and Administrators;" 2 *Ibid.*, 297, and notes; 2 Lord Raymond, 824, Marshfield *vs.* Marsh; 3 Taunton, 113, Hunt *vs.* Stephens; 2 Campbell, 272; 2 Cowens and Hill's Notes on Phillips' Ev., 541; 3 Monroe, 529, 531; 4 Barn. and Adol., 208.

2. That, as the plaintiffs proved the appointment of a statutory guardian, they must introduce the record of the proper court showing that appointment.— See 2 Cowen and Hill's Notes on Phillips' Ev., 541; 3 Monroe, 529; 4 Barn. and Adol., 208.

3. That in this case, as the plaintiffs have declared for an injury to their reversionary interest in the boat, created by a lease to Wear, that they must prove that the contract of lease was executed by Mrs. Parker, and further show that she was the guardian of the infants, Paulina and George Parker, by the record, at the time such lease was executed.— See authorities on first point.

4. That one tenant in common cannot dispose of the common property, so as to divest other tenants, without their assent.— See 21 Wendell, 72; 9 Cowen, 230.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding under the statute concerning boats and vessels, instituted by the plaintiffs against the steamboat Little Red, in which the plaintiffs suffered a non-suit.

The plaintiffs in the cause are John Ward, Abraham Barnes, John Warnock, Paulina Parker and G.W. Parker. Paulina and G. W. Parker are infants, and sue by their guardian. The complaint alleges, that the plaintiffs were the owners of a ferry-boat, which they leased for one year to James F. Wear; that during the year for which said Wear rented said ferry-boat, the captain of the said steamboat Little Red contracted with the said Wear, the lessee, to transport the said ferry-boat from Nashville, in Boon county, to Rocheport, in said county, for the sum of forty dollars, and that in the performance of the said undertaking, the captain of said steamboat was guilty of such negligence as caused the loss of the said ferry-boat.

On the trial, a lease of the ferry-boat, executed by the three adult plaintiffs and Wear, the lessee, was given in evidence, after proof of the execution of the same.

*Ward et al.* vs. *Steamboat Little Red.*

It did not appear that the lease was executed by the infant plaintiffs, or their guardian.

The question presented by the record is, whether it was necessary to show a lease by the infant plaintiffs, or their guardian, in order to maintain the action? It was urged for the defendants, that the plaintiffs having alleged, as the cause of their action, an injury to their reversionary interest in the ferry-boat, it was necessary to prove such an interest, in order to sustain their demand. That the lease having been executed by only three of the plaintiffs, they alone had shown such an interest, and no reversion having been shown in the infant plaintiffs, there was a variance between the complaint and the evidence, which was fatal to the action.

It may be admitted, that the plaintiffs must show a reversionary interest in the ferry-boat, in order to maintain their action. (Chitty, 413.) It is not disputed but that the infants were part owners of the boat, and if they were such, the other part owners could not dispose of their interest. They were not partners with the other owners of the boat, and if joint tenants or tenants in common, their interest could not be conveyed but by themselves or guardian. It is a principle well established, that an infant cannot become a trespasser by relation, that is, his assent to a trepass, for his benefit, subsequent to its commission, will not make him a trespasser. (1 Coke, 180, note *b*.) But this doctrine has no relation to contracts, and an infant can become a party to a contract made without authority from him, by his subsequent adoption of it, as well as by his previous express consent. The subject-matter of the lease was not of such a character as required any writing to convey an interest in it. The lease could as well have been made by parol as by deed. If one illegally takes the horse of another, and disposes of it, the owner may treat the vendor as a trespasser, and recover from him the value, *or he may* affirm the act, and recover the price from the vendee. *Omnis rati habitio retro trahitur et mandato acquiparatar.* Suppose these infants had been adults, and had not executed the lease, and afterwards joined in this action, would it not have been held an affirmance of the contract of the other part owners? The same principle precisely applies to infants, if they affirm a contract; it is for them, and them alone, to say they are not bound. None but the infant himself can avoid his contracts. These infants might have disaffirmed the contract of lease, and regarded themselves as part owners with Wear. But by bringing this action, they have affirmed the contract of lease made by the three adult plaintiffs, and consequently properly described themselves as owners of a reversionary interest in the boat.

Judgment reversed.