GABRIEL LATRIELLE, Appellant, *v.* FRANCIS X. DORLEQUE, Respondent.

*Judgment—Record—Appearance.*—The record of a judgment in petition, which recited that all the parties named had been duly notified of the suit, is conclusive.

*Judgment—Irregularity.*—Although a judgment, that partition be made, entered at the first term be irregular, it will not render the judgment void, and the title acquired under such judgment is good.

*Appeal from St. Charles Circuit Court.*

*H. C. Lackland,* for appellant.

The only question in this case is, whether the judgment in the partition suit between Francis Yosti and the heirs of Gabriel Latrielle, deceased, is valid or not. No principle is better settled in law than that a void judgment may be questioned in a collateral proceeding. The judgment in partition is null and void for the following reasons, to-wit:

There was no valid appointment of guardian *ad litem* for the plaintiff in this suit, and his infant brothers and sisters. The proceeding was under the law of 1835. (R. C. 1835, p. 426, §§ 37–8, and p. 456, §§ 17 to 27, inclusive.) It is only when the infant is made a plaintiff that a guardian is appointed before any other step in the suit; where the infant is made a defendant, he must be served with notice of the suit before the appointment of guardian. (Hendricks v. McLean, 18 Mo. 37–8; Jennings v. Jennings, 2 Abb. Prac.

R. 6, &c.; Lyle v. Smith, 13 How. Prac. 105, 107; Greenup's Rep. v. Bacon's Ex., 1 Mon. 109; Shaefer v. Gates and wife, 2 B. Mon. 453, 455–6; Fox et al. v. Cosby, 2 Call, 1, 3; Daniel, &c. v. Hannagan, 5 J. J. Marshall, 49; Heirs, &c., of St. Clair v. Smith & Millikin, 3 Ohio, 364; Hodges v. Wise, 16 Ala. 509, 513, 514; Williams v. Morton, 38 Maine, 3 Heath, 47; E. B. v. E. C. B. 28 Barb., N. Y., 299 & 302; Gray v. Palmer, 9 Cal. 616, 637, 638.)

No inference of the presence and acceptance of Fulkerson can be made from the wording of the record. The regularity cannot be presumed because judgment was rendered in the case. (Smith v. Ross, &c., 7 Mo. 463, &c.; Anderson v. Anderson, 23 Mo. 379; Harris v. Stanton, 4 Ind. 122–3; Boyland v. Boyland, 18 Ill. 551–2–3; Chester v. Miller, 13 Cal. 558; Kimbal v. Merrick, 20 Ark. 12; Dean v. McKinstry, 2 Sme. & Marsh. 213; Miller v. Ewing, 8 id. 421; Edwards v. Toomer, 14 id. 76.)

The only service was on Fulkerson; if there was no guardian, these minors were not in court; the court had no jurisdiction of their persons, and the whole proceeding as to them was "*coram non judice*" and a nullity. If it were otherwise, a designing, scheming person could procure a small interest in the estate of orphans, pretend to have a guardian appointed, and cheat the infants out of the inheritance left them by the prudence and foresight of their parents. (7 Mo. 463, &c.; Bascom v. Young, 7 Mo. 7; Anderson v. Brown, 9 Mo. 638 & 641; Bobb v. Graham, &c., 4 Mo. 222; Webster v. Reid, 11 How. 437, 459, 460; Hickey's Lessee v. Stewart, 3 How. 756; Flynn v. Rhodes, 12 La. An. 239; Pugh v. Pugh, 9 Ind. 132, 135; McDaniel v. Carroll, 19 Ill. 226, 228; Rogers v. McLean, 31 Barb., N. Y., 304.)

The judgment was given against the said infants in question, as *pro confesso*, without any proof being offered, and there was no appearance or confession, or pleading of the parties in question. (R. C. 1835, p. 423, §§ 13, 14; Heath's Adm'r v. Ashly's Adm'r, 15 Mo. 393, &c.; Ripple v. Gilborn, 8 How. Prac. 456; Revely v. Skinner, 33 Mo. 98;

Masterson v. Wiswould, 18 Ill. 48 ; Carr v. Fielden, 18 Ill. 77 ; Johnson v. Shaw, 31 Ala. 592 ; Chandler v. McKinney, 6 Mich. 217.)

Neither Gabriel Latrielle, the plaintiff in this case, nor any of his brothers or sisters, were made parties in law to the proceedings of said partition suit ; they are not therefore bound by said proceedings. This is a well established principle of law, and is very strict in its application, especially when infants are concerned. This last point is a generalization of the others.

*Krekel & Bruere*, for respondents.

I. It appears first, that, the St. Charles Circuit Court, in which the proceedings of partition were had, was a court having competent jurisdiction over the subject matter. (R. C. 1835, p. 422, § 1.) Second, that said court rendered a judgment which on its face is binding upon plaintiff, his name appearing as one of the defendants to it, whom the judgment states as having all been duly notified, and that an order of sale was made by virtue of which the land in litigation was sold by the sheriff of St. Charles county.

II. Such a judgment cannot be impeached and called in question in a collateral proceeding, but can only be set aside by the same court or reversed by some superior tribunal in a direct proceeding, and within the time prescribed by law. "The purchaser is not bound to look beyond the judgment and order of sale, if the facts necessary to give jurisdiction appear on the face of the judgment," is the well established rule for the protection of purchasers on the faith of judicial process. (Voorhees v. The Bank of the U. S., 10 Pet. p. 449, where this question was fully discussed ; American Leading Cases, 733, 737, and the cases there cited ; Foot v. Stevens, 17 Wen. 483 ; Cook v. Darling, 18 Pick. 393 ; Granger v. Clark, 22 Maine, 128 ; Town of Huntington v. Town of Charlotte, 15 Verm. 16 ; also, Hendrickson, Adm'x, v. St. Louis & Iron Mount. R.R., 34 Mo. 190 ; Fullbright v. Cannefox, 30 Mo. 429 ; Jourden v. Meier, 31 Mo. 44 ;

Shields v. Powers, 29 Mo. 318 ; Dutcher v. Hill, 29 Mo. 273 ; Creath v. Smith, 20 Mo. 115 ; Draper v. Bryson, 17 Mo. 83.)

III. The objections of plaintiff to the judgment are either to the jurisdiction over plaintiff, his brothers and sisters (who were then minors), or to the regularity of the judgment. The proceedings of partition were commenced October, 1843; therefore, under the partition law of 1835, as amended by the act of February 15th, 1841. R. C. 1835, p. 425, § 31, declares that the conveyances executed under said act by the commissioners, shall be a bar, both in law and equity, against all persons interested in such premises who shall have been parties to the proceedings, and against all other persons claiming from such parties or either of them. By the act of 1841, p. 108, § 1, all sales, reports and other subsequent acts to be done by the commissioners were to be made by the sheriff. The sheriff's deed, then, is a bar to all parties to the proceedings, and the question simply is, have plaintiff, his brothers and sisters, been parties to the proceedings ?

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment for an undivided interest in a tract of land in the county of St. Charles. The plaintiff having made a *prima facie* case, the defendant in order to show title in himself gave in evidence a sheriff's deed of the premises, made upon a sale under a judgment in partition to which the plaintiff was a party. The only questions presented are as to the validity of that judgment. Whatever error may have occurred in the course of the proceedings, if the judgment be valid, it is sufficient to support the deed. It is objected to the judgment that the plaintiff, who was then a minor, was not properly a party, because he had no notice of the proceeding. The record of that judgment shows first the style of the cause in which Francis Yosti is petitioner v. Marie Louise Latreille and a number of others, among whom are William N. Fulkerson, guardian *ad litem* of Gabriel Latrielle (the plaintiff). It then states that Francis

Yosti filed his petition, &c., and that "it appearing to the court that all of said defendants have been duly notified of this application, the court proceeds to ascertain and determine the rights, titles and interests of the parties," including the plaintiff herein, and renders judgment that partition be made.

This record, imparting absolute verity, is conclusive that all of the defendants had been duly notified of the application, and that the plaintiff herein was one of the defendants represented by his guardian *ad litem*, Fulkerson. At the next term of the court the parties appeared, and it appearing that partition in kind of the premises could not be made without great prejudice to the owners, the final judgment was rendered for the sale of the property. Although the judgment that partition be made was rendered at the first term, that, if it be an irregularity, was not such as to render the judgment void.

The Circuit Court, therefore, did not err in declaring the judgment in the partition suit valid, and that concluding the case the judgment is affirmed. Judges Bay and Dryden concur.