JOHN B. HIGHLEY *et al.*, Plaintiffs in Error, *v.* FELIX BARRON, Defendant in Error.

1. *Sale — Report of — Filing — Statute, construction of.* — A law providing that a report of sale should be approved or rejected "at the first term thereof after filing the same" did not mean the same term at which the report was filed, but the succeeding one.

2. *Minors — Affirmance of contracts — Property, recovery back — Refunding of money.* — Infants, after they become of age, may affirm contracts not previously binding on them. Any act done by them showing an intention to affirm, such as receiving the purchase-money, with a full knowledge of all the facts, will be sufficient. And where an infant seeks to recover back his property, either real or personal, he must refund what he has received. He cannot recover so long as any part of the consideration is withheld.

3. *Estoppel* in pais — *Sale of lands — Improvements, etc.* — One who has received an adequate consideration for the sale of land, and stands by for years and sees it greatly enhanced in value by improvements, without warning or protest, is estopped from disavowing the sale, although the sale itself was not binding in law.

### *Error to Washington Circuit Court.*

*Bush & Dinning*, for plaintiffs in error.

I. The approval of the sale of Highley to Scott by the County Court of Washington county, taking place at the same term during which said sale was made, was invalid. (Sess. Acts 1855, p. 447; Strouse v. Drennan *et al.*, 41 Mo. 289; Speck v. Wohlien, 22 Mo. 310; Mitchell v. Bliss, 47 Mo. 353.)

II. The doctrine of ratification or confirmation of sales made during infancy, by act of the party after majority, has no application here. That doctrine applies only in cases of deeds in which infants are parties and vendors. The deed in this case, to which defendant applies the principle, was the deed of John Highley, to which plaintiffs were strangers.

III. The plea of equitable estoppel of plaintiffs by their acceptance of the purchase-money after majority amounts to nothing, since, according to the testimony, defendant made his improvements and spent his money on the premises before such acceptance of said purchase-money by plaintiffs, and without a knowledge of such acceptance. Defendant failed to show any

conduct on his behalf, or any alteration of his condition, on the faith of the acceptance of such purchase-money by plaintiffs. (Newman v. Hook, 37 Mo. 207.

*Cline, Jamison & Day,* for defendant in error.

Plaintiffs, by their conduct after the sale, are estopped from questioning its legality. (8 Mo. 358 ; Ferguson v. Bell's Adm'r, 17 Mo. 351 ; Clamorgan & Lane, 9 Mo. 446 ; Wheaton v. East, 5 Yerg. 41 ; Kline v. Beebe, 6 Conn. 494.) They cannot recover back the property and retain the purchase-money. (Kerr v. Bell, 44 Mo. 125 ; Strain v. Wright, 7 Ga. 572 ; Hubbard v. Cummings, 1 Me. 11 ; Boody v. McKenney, 23 Me. 117 ; Boyden v. Boyden, 9 Metc. 519 ; Robbins v. Eaton, 10 N. H. 561 ; Henry v. Root, 33 N. Y. 526 ; McCormick v. Leggett, 8 Jones, 425 ; Weed v. Beebe, 21 Verm. 495.) An infant is estopped from setting up his infancy to avoid his deed if, after coming of age, he sees the purchaser make valuable improvements. (Wheaton v. East, 5 Yerg. 41 ; Wallace v. Lewis, 4 Harr. 75.)

*P. Pipkin,* for defendant in error.

When an infant receives a benefit by silent acquiescence, he must make his election in a reasonable time after he arrives at full age, or the benefits so received will be satisfactory evidence of a ratification. (Boody v. McKenney, 23 Me. 517–24 ; Hubbard v. Cummings, 1 Greenl. 11 ; Dana v. Coombs, 6 Greenl. 89 ; Barnaby v. Barnaby, 1 Pick. 221 ; Vandorem v. Everett, 2 Southard, 460 ; Button v. Briggs, 4 Desaus. 465 ; Lawson v. Lovejoy, 8 Greenl. 405–7 ; Kline v. Beebe, 6 Conn. 494–6 ; Robbins v. Eaton, 10 N. H. 561 ; Bigelow v. Kinney, 3 Verm. 353 ; Armsfield v. Tate, 7 Ired. 258 ; Chit. Cont., 8th Am. ed., 146–7, in notes ; Cheshire v. Barrett, 4 McCord, 241 ; Kitchen v. Lee, 11 Paige, 107.) If one having a right to an estate permit or encourage a person to buy it of another, the purchaser shall hold it against the person who has the right, although under age. (Bright v. Boyd, 1 Sto. C. C. 478 ; Davis v. Tingle, 8 B. Monr. 539 · Hall v. Simmons, 2 Rich. Eq. 120 ; Norris v.

Wait, *id.* 148.) Where one having the right suffers valuable and costly improvements to be made by persons claiming the land, and interposes no pretension of title for a long time, he will be estopped. (Higginbotham v. Bennett, 5 Johns. Ch. 184 ; Storrs v. Baker, 6 Johns. Ch. 166 ; Caldwell v. Williams, 1 Bail. Ch. 175 ; Patton v. McClure, 1 Mart. & Yerg. 333.) When those who are entitled to avoid a sale adopt and ratify it by receiving the whole or any part of the purchase-money, equity will preclude them from setting it aside subsequently. (The Commonwealth v. Shuman's Adm'r, 6 Har. 343 ; Smith v. Warden, 7 Har. 424 ; Weiner v. Brown, 14 La. Ann. 642 ; Pickens v. Yarborough, 30 Ala. 408.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiffs to recover a lot of ground in the town of Irondale, in Washington county. The trial was before the court without the intervention of a jury, and a judgment was rendered for the defendant. The lot is a part of a larger tract sold by John Highley as father of his children, who are plaintiffs in this action, to one John G. Scott; and from the latter, as purchaser thereof, the defendant derives title. The sale was made by the father in pursuance of an act of the Legislature entitled "An act for the benefit of the minor children of John Highley," approved December 5, 1855. (Sess. Acts 1855, p. 446.)

The second section of the act declares : " Before any part of the interest of the aforesaid minors, mentioned in the last preceding section, shall be sold, the same shall be appraised by three disinterested householders of Washington county, to be appointed by the County Court of Washington county, who shall take an oath honestly and impartially to appraise the interest of said minors in said land at its fair cash value ; and the said interest shall not be sold for less than three-fourths of the appraised value ; and the said John Highley, who is hereby authorized to sell the interest of said minors, shall within thirty days after the sale make out and file in the office of the clerk of the County Court of said county of Washington, a report of the sale, together

with the certificate of appraisement and the affidavit of the appraisers, which shall be subject to the approval or rejection of said court at the first term thereof after filing the same; and if said court approve said report, the same shall be valid; and if not approved, the sale shall be void, and he shall offer the said land for sale again."

The father, John Highley, proceeded under this act, and by appointment of the County Court, three disinterested householders of the county appraised the land at $10 per acre, and he sold it to Scott at $20 per acre, double the appraised value. He reported his sale to the County Court on the 12th day of June, 1856; and the court, which seems to have been in session at the time, approved the sale on the same day.

The proceedings were all regular, unless the approval, which was made on the day the report was made, was unauthorized. This is the only ground insisted upon for a reversal of the judgment. The law provides that the report of sale "shall be subject to the approval or rejection of the court at the first term thereof after filing the same, and if said court approve said report, the same shall be valid; and if not approved, the sale shall be void."

The approval was a necessary requisite to the validity of the sale. But was it approved in the manner or at the time designated by the law? The approval at the same term in which the report was filed was certainly not what the law meant or contemplated by the phrase "at the first term thereof after filing the same." When the report was filed, the first term afterward meant the next term afterward. But whether this irregularity is sufficient to invalidate the sale need not be determined, as the decision must be placed upon another ground, and the judgment affirmed for another reason.

That a full price was paid by the purchaser is not disputed. It appears that the plaintiffs were well acquainted with all the facts; they resided in the neighborhood, and with full knowledge and without objection, after they arrived at age, received their respective shares of the purchase-money, together with interest thereon. Moreover, the land was supposed to contain 208 acres, and this

was the amount Scott paid for, at $20 per acre. Several years after the sale, plaintiffs having discovered that there was more than that amount, the land was surveyed and found to contain about 16½ acres more than was supposed at the original sale. For this excess Scott paid the plaintiffs their respective shares, at the rate of $20 per acre, the contract price. After all this length of time has elapsed, and with these facts staring them in the face, the plaintiffs now come into court and ask to recover the land; but they make no offer to return the consideration they received for it.

Infants may affirm contracts after they become of age, though they are not previously binding on them. Any act done by them showing an intention to affirm, such as receiving the purchase-money with a full knowledge of all the facts, will be sufficient. (Ferguson v. Bell, 17 Mo. 347; Ward v. Steamer Little Red, 8 Mo. 358.) And where an infant seeks to recover back his property, either real or personal, he must refund what he has received. He cannot recover so long as any part of the consideration is withheld. (Kerr v. Bell, 44 Mo. 120.)

There is surely no justice in the claim of the plaintiffs. They have received an adequate consideration for their land; for years they have stood by without one word of warning or protest, and seen the same greatly enhanced by valuable improvements placed upon it by others, and they should not now be permitted to disavow their affirmance.

The judgment will be affirmed. The other judges concur