BRAWLEY *et al.*, *Appellants* v. RANNEY.

1. **Decree in Partition not Collaterally Assailable by one Defendant for want of Notice to another.** Certain minor defendants in a partition suit were not served with notice of the suit, but afterwards accepted their distributive shares of the proceeds of a sale made under the decree. In ejectment for the land so sold, brought by other persons, who were also defendants in the partition; *Held*, that as the minors had accepted their shares and were not complaining, the plaintiffs could not avail themselves of the defect to assail the validity of the decree.

2. **Service of Publication**: RECITALS OF RECORD: PRACTICE. Recitals in a decree in partition, showing due publication of notice according to law, to non-resident defendants, cannot be assailed by them collaterally; and the proof of the notice being sufficient in other respects, the mere fact that the order of publication made by the clerk in vacation was not spread upon the records, but was filed as a paper in the cause, cannot invalidate the decree when attacked collaterally.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

*Lewis Brown* for appellants.

Service of writs in partition must be had on the minors themselves. *Shaw v. Gregoire,* 41 Mo. 410; *Gibson v. Chouteau,* 39 Mo. 565; *Fulbright v. Cannefax,* 30 Mo. 425; *Smith v. Davis,* 27 Mo. 298; *Waugh v. Blumenthal,* 28 Mo. 463. An order of publication can only be made by the clerk in vacation by a strict compliance with the statute. Every order or proceeding, in every case affecting parties litigant must be spread at full length upon the record, whether in term or vacation. Wag. Stat., 419, § 6; *Medlin v. Platte Co.,* 8 Mo. 235; *Milan v. Pemberton,* 12 Mo. 598; *Shaw v. Gregoire,* 41 Mo. 413; *Schell v. Leland,* 45 Mo. 292.

*Houck & Ranney* for respondents.

The minor defendants in the partition suit, who were

Brawley v. Ranney.

served, are not parties to this suit. . They ratified the proceedings by accepting the money—they are estopped from attacking them, and the plaintiffs cannot do so in their stead. *Kerr v. Bell*, 44 Mo. 120; *Ferguson v. Bell*, 17 Mo. 341; *Ward v. Steamer*, 8 Mo. 358; *Highly v. Barron*, 49 Mo. 103. The record of the partition case is conclusive against the plaintiffs on the question of notice. *Latrielle v. Dorleque*, 35 Mo. 233; *Rumfelt v. O'Brien*, 57 Mo. 569; *Bernecker v. Miller*, 44 Mo. 102. If it is sought to set aside the judgment in partition, suit should be brought directly for that purpose. Freeman on Judgt., §130; *Cooper v. Reynolds*, 10 Wall. 308; *Kane v. McCown*, 55 Mo. 183.

NORTON, J.—This suit is ejectment for the recovery of certain lands in the county of Cape Girardeau. . The petition is in the usual form, and the answer a general denial. Judgment was rendered for the defendant on the trial, from which plaintiffs have appealed. Both parties claim title through Hiram S. Sloan, as the common source. Plaintiffs assert their right to the land in question by virtue of their being heirs of said Sloan, and the defendant claims title by virtue of a sheriff's deed thereto, the sale being made under a decree of the circuit court of said county, for the purpose of partition among the heirs of said Hiram S. Sloan, deceased. The record of the partition suit was put in evidence, from which it appears that plaintiffs, in conjunction with Samuel A. Sloan and Hiram M. Hill and Samuel A. Hill, minors and grand children of Hiram S. Sloan, deceased, were parties defendant. All of said defendants were minors except Margaret Brawley. Service was had on Samuel A. Sloan, and an affidavit was made before the clerk in vacation, stating that Margaret Brawley, Sarah A. Sloan and William R. Sloan (who are the plaintiffs in this suit), were non-residents of the State. As to them the clerk made an order of publication which was duly published, and the publication proved. It also appeared that a copy of the petition, and writ directed to

the sheriff of New Madrid county to summon the guardian of Hiram M. and Samuel A. Hill was served on Isaac Hunter, guardian, and that said Hiram M. and Samuel A. Hill were not found. The interlocutory decree recites that the court, after " examining the premises, finds that publication has been made according to law." The final decree recites the appointment of a guardian *ad litem* for William R., Sarah and Samuel Sloan, minor defendants, his acceptance thereof and appearance, and " that defendants had legal notice of the proceeding by publication according to law." It further appears that the sheriff filed report of the sale made under the judgment of partition which was approved by the court, and that he executed his deed to the purchasers in conformity therewith. The receipt of A. Sloan, guardian of Samuel A. Sloan, for his distributive share of the proceeds of the sale, and the receipt of H. M. and S. A. Hill for their distributive share, were offered in evidence. The affidavit of the publisher of the Cape Girardeau Weekly Argus, proving the publication of notice, was also in evidence.

The plaintiffs assail the validity of the judgment in partition, mainly on two grounds: First, because there was no service of notice on Hiram M. and Samuel A. Hill, minor defendants; Second, because there was no legal order of publication of notice as to Margaret Brawley, Sarah A. Sloan and Willian R. Sloan.

As to the first point, it is only necessary to observe that the said Hiram M. and S. A. Hill are not complaining here, but on the contrary the evidence shows that they ratified the proceeding by accepting their distributive share of the proceeds of the sale made under the decree, and under the rule laid down in 44 Mo. 125 ; 49 Mo. 106, and *Stafford v. Roof,* 9 Cowen 626, their right to question the proceeding might well be doubted. This, however, is not necessary to determine, as they are not complaining.

As to the second point it may be said that both in the interlocutory and final judgment, the statement is

Brawley v. Ranney.

made " that publication had been duly made according to law, notifying defendants of the pendency of the suit, and it appearing to the satisfaction of the court that defendants had legal notice," &c.   If these recitals are disputable and the decree open to attack on the ground that notice was not given, we think it can only be done in a direct proceeding instituted for that purpose and it cannot be assailed collaterally.   (*Latrielle v. Dorleque*, 35 Mo. 233 ; *Rumfelt v. O'Brien*, 57 Mo. 570; *Freeman v. Thompson*, 53 Mo. 183 ; *Lenox v. Clarke*, 52 Mo. 116.) The evidence, however, on this point shows, that in September, 1865, an affidavit as to the non-residency of the plaintiffs in this suit was made in the partition suit, and that the clerk in vacation made an order complying in all respects with the statute; that this order was published in a weekly newspaper published in Cape Girardeau county, for four consecutive weeks, and that the last insertion was more than four weeks before the first day of the term of the court at which they were required to appear.   This we think fully sustains the court in the recitals contained in the judgment. The mere fact that the order made by the clerk was not spread on the record, but filed as a paper in the cause cannot have the effect to invalidate the judgment in a proceeding like this.   In the case of *Kane v. McCown*, 55 Mo. 196, in which a kindred question was presented, NAPTON, J., observed that "in a collateral proceeding to nullify a judgment, presumptions are all in favor of the validity of the judgment and sale.   The omission of the clerk to designate the particular newspaper in which the publication was to be made, was undoubtedly an error which may or may not have been fatal to the case in a direct proceeding to review it, but cannot destroy the judgment in a collateral proceeding."   Judgment affirmed with the concurrence of the other judges.

AFFIRMED.