## MACFARLAND et al., *Appellants*, v. HEIM.

### Division Two, March 5, 1895.

1. **Contract:** CONSIDERATION: NUDE PACT. A subsequent agreement which does not form a part of an original contract and is not supported by the consideration for the latter, nor by any new consideration, is invalid.

2. ——: ——: ——: GUARANTY OF PAYMENT OF RENT. A guaranty of payment of rent to be paid by a lessee, made ten or twelve days after the execution and delivery of the lease, and not based on the consideration of the latter, nor upon a new consideration, is void; and the fact that the guarantor recognized himself as bound will not give validity to the guaranty.

3. ——: ——: VOLUNTARY ASSIGNMENT OF LEASE. The voluntary assignment of a lease without the knowledge of the assignee and without being accepted by him does not bind him.

4. **Void Act:** RATIFICATION. A void act is incapable of ratification.

| | |
|---|---|
| 127 | 327 |
| 128 | 575 |
| 127 | 327 |
| 132 | 347 |
| 132 | 622 |
| 134 | 296 |
| 127 | 327 |
| 68a | 88 |
| 127 | 327 |
| 138 | 181 |
| 71a | 573 |
| 127 | 327 |
| 143 | 368 |
| 143 | 609 |
| 127 | 327 |
| 152 | 678 |
| 127 | 327 |
| 153 | 818 |
| 127 | 327 |
| 155 | 425 |
| 127 | 327 |
| 163 | 542 |
| 127 | 327 |
| 96a | 303 |

5. **Married Woman**: AGENT. A married woman can not appoint an agent as to property not held by her as her equitable separate estate (overruling *Mead v. Spaulding*, 94 Mo. 48).

6. **Appellate Practice**: INSTRUCTIONS: HARMLESS ERROR. The giving of erroneous instructions, when the error is harmless, will not constitute ground of reversal on appeal.

### *Appeal from Jackson Circuit Court.*

AFFIRMED.

### *R. O. Boggess* for appellant.

(1) Before the making of the lease in suit, defendant was bound to plaintiff with a different tenant by a precisely similar lease for the payment of the rent of the same premises for the same time covered by the lease in suit. The lease in suit was assigned to defendant and he bound himself in writing to pay the rent. Defendant thus became bound by express contract and by operation of law. The consideration thus disclosed was valuable, and hence sufficient. R. S. 1875, sec. 3095. *Smith v. Brinker*, 17 Mo. 148 and authorities under point 5, *infra*. (2) The answer and defendant's evidence are inconsistent with each other and each is inconsistent with itself. (3) There was no surrender by deed or note in writing as required by statute. R. S. 1879, sec. 2510. There was no intention on the part of plaintiff or her husband to accept a surrender or cancellation of the lease. Neither the husband nor janitor had power to accept such surrender. Authorities *infra*, point —. (4) Conceding all the evidence offered by defendant, or relied upon by him, to be true, and still there was no surrender by operation of law. *Huling v. Roll*, 43 Mo. App. 234, and citations; *Bucks v. Lewis*, 46 Mo. App. 227; *Jones v. Barnes*, 45 Mo. App. 590; *Whetstone v. McCartney*, 32 Mo. App.

430. (5) It is provided (R. S. 1879, sec. 3095), that rents may be recovered from the lessees, or person owing it, or his assignee or under-tenant, etc. While this is positive statutory law, and defines the rights, duties and obligations of tenants, their assignees, etc., yet it is simply declaratory of the previously and still existing common law of this state. *Smith v. Brinker*, 17 Mo. 148; *Willi v. Dryden*, 52 Mo. 319; *Board, etc., v. Ins. Co.*, 5 Mo. App. 91; *Hicks v. Martin*, 25 Mo. App. 430; Taylor's Landlord and Tenant, sec. 438; *Ward v. Krull*, 49 Mo. App. 447. The knowledge by the lessor that lessee has assigned the lease, and receipt of rent from such assignee or other person occupying, will not operate a surrender, or release either the lessee or his assignee from liability to pay rent. *Ward v. Krull, supra.* (6) The husband was not the wife's agent and had not the power or right or authority *jure mariti* to cancel the lease or accept a surrender of the term. Harding was not plaintiff's agent for any purpose, except as specially directed. No one attempted on behalf of plaintiff, to cancel said lease or accept a surrender of the term, and there is no evidence tending to prove the fact. *Brown v. Miller*, 46 Mo. App. 1; *Mueller v. Kaessman*, 84 Mo. 318; *White v. Ingram*, 110 Mo. 475; *Estra v. Capell*, 61 Mo. 578; *Flesh v. Lindsay*, 115 Mo. 1, 18, and citations; *Scully v. Dodge*, 40 Kan. 395; *Henry v. Sneed*, 99 Mo. 407; *Wilcox v. Todd*, 64 Mo. 388.

*Ben T. Hardin* for respondent.

(1) The evidence shows that the plaintiffs, through their agent, leased the premises to Lau, and afterward agreed that Lau might quit the possession, and they would take Miller as their tenant instead of Lau. This amounted to a complete surrender of the original term.

This proposition is backed by all the authorities, including those cited by appellants. *Prior v. Kiso*, 81 Mo. 241; *Hutcheson v. Jones*, 79 Mo. 496; *Matthews v. Tobener*, 39 Mo. 115; *Clemens v. Broomfield*, 19 Mo. 118; *Kerr v. Clark*, 19 Mo. 132; *Huling v. Roll*, 43 Mo. App. 234; *Koenig v. Miller Bros.*, 38 Mo. App. 182; 4 Wait's Actions and Defenses, pp. 212,213. To the same effect are the cases cited by appellants. *Ward v. Krull*, 49 Mo. App. 447; *Charless v. Frœbel*, 47 Mo. App. 45; *Buck v. Lewis*, 46 Mo. App. 227; *Jones v. Barnes*, 45 Mo. App. 590; *Whetstone v. McCartney*, 32 Mo. App. 430. (2) The authorities above show that Lau, the original lessee, was released from further liability under the lease. If Lau was released, then the defendant, Heim, was certainly released, he being merely a guarantor for Lau. *Prior v. Kiso*, 81 Mo. 248; *Eggemann v. Henschen*, 56 Mo. 123; *Bank v. Schmucker*, 7 Mo. App. 171; *Bank v. Gerke*, 68 Md. 449; s. c., 6 Am. St. Rep. 453, with extended note; *Farrar v. Kramer*, 5 Mo. App. 167. The liability of Heim, if any, was upon his guaranty, supposing it was for a valid consideration, which we by no means concede. The liability of a guarantor can not be extended beyond the very terms of his guaranty. *Harrisonville v. Porter*, 76 Mo. 358; *Nofsinger v. Hartnett*, 84 Mo. 549; *State ex rel. v. Davis*, 88 Mo. 585; *Leavel v. Porter*, 52 Mo. App. 632; *Bank v. Gerke*, 6 Am. St. Rep. 453 and note. (3) All the evidence goes to show that Heim signed the guaranty on the back of the lease some ten or twelve days after the lease had been signed by the parties thereto, and the consideration therein had passed, and the lessor and lessee each had a copy. There was no consideration for Heim signing the obligation to pay rent, and he is not bound thereby. He received no benefit whatever for signing it. A surety who signs a paper after it has been delivered, incurs no liability. *Montgomery*

*Co. v. Auchley*, 92 Mo. 126; *McMahan v. Geiger*, 73 Mo. 145; *Williams v. Williams*, 67 Mo. 662. And although the guaranty was in writing, it must have a new consideration to be binding. *Glenn v. Lehnen*, 54 Mo. 45; *Pfeiffer v. Kingsland*, 25 Mo. 66; *Cook v. Elliott*, 34 Mo. 586; *Hartman v. Redman*, 21 Mo. App. 126; Tiedeman Com. Paper, sec. 417. (4) The point made by appellants that section 2510, Revised Statutes, 1879, prohibits a surrender of a lease except by writing, can not be sustained, under the ruling of this court in *Prior v. Kiso*, 81 Mo. 248, and cases there cited. (5) The written assignment by Lau, without Heim's consent, or acceptance of the assignment, did not make him an assignee, and he is in nowise bound by any acts of Lau, to which he did not agree nor consent. The evidence of both Lau and Heim shows that Heim knew nothing about the assignment. (6) There can be no doubt but the husband can be the agent of the wife, though the agency must be clearly established. *Mead v. Spalding*, 94 Mo. 43. The wife may hold possession, even of lands, with her husband's consent, by herself or agent. *Dyer v. Wittler*, 89 Mo. 81; *Bobb v. Taylor*, 25 Mo. App. 583; *Flesh v. Lindsay*, 115 Mo. 18. The right of the husband to the possession of his wife's real property as it existed at common law, has not been taken away by statute. *Flesh v. Lindsay*, 115 Mo. 1; *Brownlee v. Fenwick*, 103 Mo. 420; *Peck v. Lockridge*, 97 Mo. 549; *Dyer v. Wittler*, 89 Mo. 81; *Kanaga v. Railroad*, 76 Mo. 207. "The husband, during the marriage, has the exclusive right to the possession of her real estate not held to her sole and separate use, and is the only proper party plaintiff in a suit to recover possession thereof." *Dyer v. Wittler*, 89 Mo. 92; *Kanaga v. Railroad*, 76 Mo. 214. "Whoever is entitled, under the law, to the possession, *ex necessitate*, is entitled to the right of action." *Dyer v. Wittler*, 89 Mo. 89.

SHERWOOD, J.—Action on a written lease bearing date August 1, 1888, to recover rent from April, 1889, to December of that year, both months inclusive. Lau was the lessee, Heim the guarantor, and Ellen J. Macfarland and husband the lessors—the land belonging to Mrs. Macfarland, who held it, so it is stated, "as her *general estate.*"

Among the defenses set up by defendant in his answer, was a plea of failure of consideration, arising out of the fact that the alleged guaranty was signed by defendant long after the execution and delivery of the lease. The answer also denies an allegation of the petition that the lease had been assigned to him by Lau.

The evidence very clearly establishes that after the execution and delivery of the lease, Harding, the janitor of the building, was sent out by the husband in order to have Lau give security in the form of a guaranty from Heim. After some ten or twelve days from the time of the execution and delivery of the lease, Heim was found, and gave the guaranty indorsed on the lease. There was no original understanding between Lau and Heim and the Macfarlands, at or before the execution of the lease, that Heim was to indorse the lease. Nor was the assignment indorsed on the lease by Lau, which purported to transfer the lease to Heim, on the lease, at the time the latter indorsed the lease as guarantor. Nor was that indorsement under seal. This is Heim's testimony, and there is no contradiction of it, nor does the evidence show that Heim accepted the assignment or even saw it after it was made. It was made without his knowledge or acceptance, so he states, and of this, also, there is no contradiction.

In these circumstances, the trial court very properly gave the following instructions:

"If the jury find that the assignment of the lease by Lau to Heim was voluntary on the part of Lau, or made under an arrangement between plaintiffs and Lau, and that Heim had no knowledge of said assignment and never accepted it, then it imposes no obligation or duty upon Heim, and he is not bound by it.

"The court instructs the jury that, if they find from the evidence, that plaintiffs, on the first day of August, 1888, executed and delivered to Jacob Lau a written lease of the property in question, and that, afterward, without any new consideration passing from the plaintiffs to Lau, or to defendant, or from Lau to defendant, Heim executed a writing binding himself for the rent, such agreement was without consideration and defendant is not bound by it."

Nothing is better settled in this state than that a subsequent agreement which does not form any part of an original contract, nor is supported by the original consideration thereof, nor by any new consideration, is a mere *nude pact*, of no force or validity. Such is the situation here. *Williams v. Williams*, 67 Mo. 662; *McMahan v. Geiger*, 73 Mo. 145; *Montgomery Co. v. Auchley*, 92 Mo. 126.

And the trial court rightly held that, unless Heim accepted the assignment made by Lau to him of the lease, that no contractual relations in respect to that assignment were created between Lau and Heim in consequence thereof, nor any obligations cast on Heim as the result of such assignment. Nor could Heim, by recognizing himself to be bound by his invalid guaranty, by promising to pay the rent, etc., confer any retrospective validity on the considerationless contract.

But the trial court erred in holding and instructing that, Mrs. Macfarland not being seized of an equitable, separate estate, could have any agent either in Harding or in her husband to bind her by any act of theirs, or

that she could ratify their void acts.   A void act is incapable of ratification.

It is impossible to understand what is meant by the words *"general estate,"* of which it is said Mrs. Macfarland was seized.   It suffices for the present purpose that it is stated in the record that it was not her "equitable, separate estate."

It is among the fundamentals of the common law that a married woman is incapable of contracting, and her supposed contracts are void.   This is still the law, except where statutory modifications have occurred.   If thus incapable of contracting, then incapable, also, of authorizing another to contract for her; for this would be to make the stream rise higher than its fountain head.

Story says: "* * * Every person, therefore, of full age, and not otherwise disabled, has a complete capacity for this purpose.   But infants, married women, idiots, lunatics, and other persons not *sui juris*, are either wholly or partially incapable of appointing an agent. Idiots, lunatics and other persons not *sui juris*, are wholly incapable; and infants and married women are incapable, except under special circumstances.  * * *  So in regard to married women, ordinarily, they are incapable of appointing an agent or attorney.  * * *  With regard to her separate property, she may, perhaps, be entitled to dispose of it, or to encumber it, through an agent or attorney; because in relation to such separate property she is generally treated as a *feme sole*.   I say, 'perhaps,' for it may admit of question; and there do not seem to be any satisfactory authorities directly on the point."   Story on Agency [9 Ed.], sec. 6.   A similar doubt has been elsewhere intimated.   *Weisbrod v. Railroad*, 18 Wis. *loc. cit.* 40, and cases cited.

In this state, however, it has long been steadily maintained that a *feme covert*, as to her separate estate

in equity, is a *feme sole. (Turner v. Shaw*, 96 Mo. *loc. cit.* 28, and cases cited.) and, therefore, may charge her separate estate, make an agent in regard thereto to all intents and purposes as if she had never passed *sub jugum matrimonii.* But where she is not thus seized, we have held, over and over again, that, not being *sui juris*, of course she could not appoint an agent. *Wilcox v. Todd*, 64 Mo. 388; *Hall v. Callahan*, 66 Mo. 316; *Silvey v. Summer*, 61 Mo. 253; *Henry v. Sneed*, 99 Mo. 407; *Flesh v. Lindsay*, 115 Mo. 1; *Mueller v. Kaessmann*, 84 Mo. 318.

Counsel for defendant, however, make citation of *Mead v. Spalding*, 94 Mo. *loc. cit.* 48, as asserting a contrary doctrine, and so it does, for it is there broadly asserted that, "There can be no doubt but the husband may be the agent of the wife."

The two cases cited from our own reports do not sustain that position, because the first one was one where the land of the wife, the proceeds of which she brought suit for, was "her *sole and separate property.*" *Eystra v. Capelle*, 61 Mo. 578. The second one cited is *Rodgers v. Bank*, 69 Mo. 560, where the subject of the suit was the wife's money, acquired by her under the Married Woman's Act of 1875, section 3296. But that section authorizes the wife to appoint her husband *as her agent* for the disposition of her personal property, provided the authority be *in writing*, and we have expressly held that, in regard to that section, a married woman, respecting her personal property, held under its provisions, is a *feme sole. Blair v. Railroad*, 89 Mo. *loc. cit.* 391. We, therefore, decline to follow the ruling in *Mead v. Spalding.*

On account of the reasons expressed in a prior part of this opinion, the error mentioned is a harmless one, and, when this is the case, such error in giving erroneous instructions constitutes no ground for reversal. *Fitz-*

*gerald v. Barker*, 96 Mo. *loc. cit.* 666; *Brobst v. Brock*, 10 Wall. 519. Therefore the judgment is affirmed. All concur.