## W. S. HARRIS, Appellant, v. J. T. TINDER, Respondent.

### Kansas City Court of Appeals, November 7, 1904.

1. **BILLS AND NOTES: Non Est Factum: Delivery: Instruction.** Where the issue was *non est factum* and the evidence tended to show the maker's delivery of the note as his, an instruction telling the jury that the burden was on the plaintiff to show the defendant signed the note, or authorized its signing, and delivered the same to the payee, is held a correct expression of the law.

2. **———: ———: Evidence: Pleading: Ratification.** Where the plea is *non est factum* evidence tending to show the maker's delivery to the payee is admissible as it is one way of proving the execution and delivery of the note, and the reply need not plead ratification or estoppel. Kelchner v. Morris, 75 Mo. App. 588, distinguished.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Thos. S. Carter, Crawley & West* for appellant.

(1) · By defendant's fifth instruction the jury are directed that before they can make their verdict for the plaintiff they must find from a preponderance of the evidence that the defendant signed the note himself or that it was signed by some one else whom he had authorized. This puts upon the plaintiff a burden not imposed by the law. By delivering the note as his own he adopted the signature to it, whether made with or without his authority. Dow's Executor v. Spenny's Executor, 29 Mo. 386; Bank v. Bernero, 17 Mo. App. 313. (2) There are some authorities in this State holding that a *forged* instrument is incapable of ratification. Kitchner v. Morris, 75 Mo. App. 588; Hammerslough v. Cheatham, 84 Mo. 13; Ferry v. Taylor, 33 Mo. 323. But the rule laid down by those authorities does not govern the case at bar for various reasons.

*W. W. Fry* and *R. D. Rodgers* for respondent.

(1) The delivery of a note is necessary to its complete execution, and it must be delivered with an intent by one who has a right to deliver. The burden was on the plaintiff to prove such delivery under the answer. Carter v. McClintock, 29 Mo. 464; State v. Stebbins, 132 Mo. 338; Ayers v. Milroy, 53 Mo. 516. (2) There can be no ratification of a forgery in the execution of a note since there is no agency. Hammerslough v. Cheatham, 84 Mo. 22; Kelchner v. Morris, 75 Mo. App. 588; Bank v. Wade, 73 Mo. App. 561; Broughton v. Sumner, 80 Mo. App. 388; Ferry v. Taylor, 33 Mo. 323. (3) There is no question of ratification or estoppel in this case. Plaintiff neither acted on nor altered his situation on account of any act or utterance of the defendant. Spurlock v. Sproule, 72 Mo. 503; Bales v. Perry, 51 Mo. 453; Hequenbourg v. Edwards, 155 Mo. 522. (4) Again, estoppel or ratification

when relied upon must be plead by the party seeking its protection. Webb v. Allington, 27 Mo. App. 571; Noble v. Blount, 77 Mo. 235. (5) On the face of plaintiff's pleadings the only issue was whether the signature to the note was that of defendant or authorized by him. When defendant filed his answer denying under oath the execution of the note the burden was then on plaintiff to prove its execution. R. S. 1899, secs. 746, 747; Smith Co. v. Rembaugh, 21 Mo. App. 390; Beck Co. v. Obert, 54 Mo. App. 240; Corby v. Weddle, 57 Mo. 452. (6) That defendant adopted the signature as his, or ratified it or was estopped to deny it was new matter and should have been specially plead to raise any such issue in this case. Smith Co. v. Rembaugh, 21 Mo. App. 393; Greenway v. James, 34 Mo. 328; Northrup v. Ins. Co., 47 Mo. 444.

SMITH, P. J.—In the plaintiff's petition it is alleged that defendant by his negotiable promissory note promised to pay one Annie L. Gentry twelve months after the date thereof the sum therein named; that the payee in said note before the maturity thereof for value endorsed the same to D. A. Mayer; that afterwards and before maturity the said Mayer, for value received, endorsed the same to plaintiff. The defendant denied the execution of said note by answer verified by affidavit. At the trial the court by the defendant's fifth instruction told the jury that the burden was on the plaintiff to prove by a reasonable preponderance of the evidence that defendant signed the note sued on or authorized his name to be signed to it by someone else, and that defendant delivered the note to the payee's agent as his note.

It seems to us that this was a correct expression of the law and was properly given. There was no evidence tending to prove that the defendant signed the note or that he authorized anyone to sign it for him, but the plaintiff's evidence showed that the defendant

delivered the note with his name signed thereto to the payee's agent. And we can not see that it makes any difference whether his name was signed to the note with his own hand or signed by that of another if he delivered it as his note. He could adopt the signature as that of himself and then utter it. If his name had been affixed by a stamp or in typewriting by someone without his authority, and yet if he should choose to deliver it as his note, this would be an adoption and would be the same thing in legal effect as if he had affixed his signature with his own hand.

If the evidence disclosed that he delivered the instrument to the payee as his note this was in effect a representation made by him that the signature thereto was his and that it was his obligation, no matter to whom or in what way his signature was attached; and such evidence would be within the allegation of the petition. It would be one of the ways to prove the execution and delivery of the note. In such case the replication was not required to plead ratification or estoppel to make such evidence admissible.

This case is distinguished from that of Kelchner v. Morris, 75 Mo. App. 588, and the case to which the latter refers, for there the forged note was not delivered as here by the apparent signer or maker thereof to the payee as his note, but by the forger himself. In that case there could be no ratification of the unauthorized act of the forger since the act of the forger was void and incapable of ratification.

Evidence as to the delivery of the note by defendant pro and con was, as we think, properly admitted under the issue made by the pleadings. The instruction complained of was not broader than the issue and imposed upon the plaintiff no unnecessary burden. The plaintiff by the introduction of his evidence tending to prove a delivery of the note to him by defendant in substitution for another note of like amount thereby made out a prima facie case. This evidence was by the

McCrary v. C. & A. Railway Co.

jury discredited and that of the defendant credited. And as a consequence the verdict was for the defendant which we think was justified by the evidence and the instructions. Accordingly, the judgment must be affirmed.