FORD B. ANDERSON, RESPONDENT, v. MIDDLE STATES UTILITIES CO., APPELLANT.—98 S. W. (2d) 163.

Kansas City Court of Appeals. November 9, 1936.

130

*A Glenwood Gilliland* and *C. H. Harrison* for respondent.

*W. T. Harbison* and *R. H. Musser* for appellant.

SHAIN, P. J.—This is an action in equity wherein the plaintiff seeks to recover from the defendant for monies alleged as paid to the defendant by Mrs. Frances Anderson the duly appointed and acting curator of plaintiff, on April 10, 1930.

The evidence discloses that on said above date plaintiff was a minor and further shows that aforesaid curatrix paid to defendant by check the sum of $12,020 for certificates of stock as an investment for the plaintiff, her ward.

It appears clear that defendant had full knowledge that the investment was being made with the money of the ward, who is the plaintiff herein.

It appears that the defendant herein is a Missouri corporation. However, the certificates of the stock investment appear as issued by a corporation of the same name but the corporation is designated as a Delaware corporation.

It appears that during the minority of plaintiff dividends were collected on the stock by the curatrix and same was used to the benefit of plaintiff. When the plaintiff became of age he filed a verified petition or request in the probate court wherein he informed the court that he had reached his majority and made certain requests. This document is as follows:

"IN THE PROBATE COURT OF CLINTON COUNTY, MISSOURI,
MAY TERM, 1933.

"In the matter of the Estate of Ford B. Anderson, a minor To Frank W. Armstrong, Probate Judge:

"This is to advise you that I have attained the age of twenty-one

years; that I became twenty-one on January 21, 1933. That I have read and examined the final settlement prepared and executed by Frances B. Anderson, my Curatrix, together with her petition for an order of your Court authorizing her to assign and deliver to me the stock in the Middle States Utilities Company and the balance of cash in her hands belonging to me. That the matters and facts stated in said settlement of my estate may be had at this May Term of the Probate Court of Clinton, County, Missouri, without the delay and the expense which would be necessary if the notice of final settlement should be published in some newspaper in the county as required by law, I hereby waive service of notice of said settlement by publication in the newspaper, and also waive service on me of a copy of said settlement, as required by law and hereby request that the Probate Court allow my said curatrix to make final settlement of my estate at this May term of this court.

"I further state that I have received from my curatrix the assignment of the twelve shares of the preferred stock and two shares of the common stock of the Middle States Utilities Company, and have received from her the balance of $36.82 in cash as shown by said final settlement prepared by her, all as may be seen by my final receipt which I have executed and am returning and filing with this waiver.

"Witness my hand this 12th day of May, 1933.

"(Signed) Ford B. Anderson."

At the May term, 1933, of the probate court, the curatrix made a final accounting or settlement. In said accounting or settlement is found the following:

"Said minor having attained the age of twenty-one years your petitioner and Curatrix herein prays the Court for an order authorizing her to turn over to her said ward said sum of $36.82, and authorizing her to assign and deliver to him the twelve shares of preferred stock and two shares of common stock in the Middle States Utilities Company, which were purchased for him on April 10, 1930.

"(Signed) Mrs. Frances Anderson, Curatrix.

"Frances B. Anderson, the above named Guardian and on her oath states that in the above settlement she has charged herself with all the moneys and personal effects belonging to the estate of the said Ford B. Anderson that have come to her hands and not heretofore accounted for, and that the various amounts of the above credits have been by her paid out as stated, according to law and the order of the Probate Court of Clinton County, Missouri, and that the whole amount of ready money actually received by her as such Guardian and Curator since her last settlement (or appointment) is $00.00.

"(Signed) Mrs. Frances Anderson."

Plaintiff in his petition in equity plead his minority prior to Jan-

uary 21, 1933, and further declares as to appointment of Mrs. Anderson, his mother, as guardian of his estate. Plaintiff further pleads as to the purchase of the stock, on April 1, 1930, by said guardian or curatrix and further pleads that no authority for the investment was ever obtained from the court and pleads that said investment was made in violation of chapter 1, article 16, section 418, Revised Statutes, Missouri 1929, and pleads knowledge of said fact by defendant.

The defendant answered admitting incorporation and license to do business in this State and denies as to all allegations in plaintiff's petition not specifically admitted. Defendant further answering sets out facts of plaintiff coming of age and filing by plaintiff of petition and requests that are set out above and further pleads the final settlement of curatrix and alleges plaintiff's acts joining and acquiescing in said proceedings.

Defendant, based upon above stated facts, pleads ratification and confirmation by plaintiff and invokes estoppel at law and equity.

The defendant in its answer pleads its acts as that of a Missouri corporation acting as agent of a Delaware corporation and also seeks avoidance of liability on that ground.

The printed record recites that the court found the issues for plaintiff but does not show entry of judgment. By referring to the record proper, it is shown that judgment was had and entered for plaintiff in the sum of $1434. From the judgment of the court the defendant has duly appealed.

We will continue to refer to the respondent as plaintiff and to the appellant as defendant.

The defendant makes claims of error as follows:

"ASSIGNMENT OF ERRORS.

"The court erred, in its rulings and findings, as follows:

"a. That the Plaintiff was entitled to recover, under the pleadings and evidence in the case.

"b. In ruling that the Plaintiff had not by his waiver, receipt, and acceptance of the stock mentioned in evidence from his curatrix, ratified, accepted and confirmed the act of his curatrix in making the investment of April 10, 1930.

"c. In ruling that the decree and proceedings of the Probate Court of Clinton County, Missouri, were not final, and binding upon the Plaintiff, and that it could be collaterally attacked under the pleadings in this case.

"d. In ruling that the Plaintiff was not estopped, from asserting a right of action, by his own conduct, in receiving, accepting, adopting and confirming the acts of his curatrix in making said investment.

"e. In overruling the Motion in arrest.

"f. In overruling the Motion for New Trial.

"g. In entering a judgment against the defendant Middle States Utilities Company of Missouri."

OPINION.

Defendant's claim indicated by "g" above is based upon a contention that the certificate of stock it sold and delivered to the curatrix was that of "Middle States Utilities Company," a Delaware corporation. It appears that the defendant, "Middle States Utilities Company," is a Missouri corporation.

The distinction made does not appeal to a court of equity.

There is much strategic camouflage displayed in the *idem sonans* presented. A person of more business sense than the curatrix might become confused when a corporation in a middle west state, sells middle west stock in a middle west corporation of a northeastern state. With the above, we dismiss the above point without further consideration.

There is a much more serious question than the above that presents itself in this case.

There is no question but what the purchase of the curatrix of stock from the defendant was in violation of the express provisions of the law as expressed in section 418, Revised Statutes of Missouri 1929. If upon coming of age the plaintiff had repudiated the transaction an entirely different issue would be presented than the issue herein, and, all that has been said by our courts concerning trustees *ex maleficio* would have direct bearing upon the case.

In cases involving trust *ex maleficio*, our courts have often used the expression that contracts on transactions expressly prohibited by law are void.

The question of the meaning of the word void as used by law writers and by our courts was early raised by the courts of this State. [See Mitchell v. Parker, 25 Mo. 1. c. 35.]

In Kearney et al. v. Vaughan et al., 50 Mo. 284, the court, on page 287, says: "It is, perhaps, unfortunate that we are not supplied with a term of more precision than the word 'void' a word more often used to point out what may be avoided by those interested in doing so than to indicate an absolute nullity."

The above opinion further points out that the term is used loosely and indefinitely both in statutes and by courts.

There are many contracts that are void, in the sense the term is used, that may become valid by ratification.

Plaintiff argues that, as the contract was void when made by the curatrix, it is incapable of being ratified by plaintiff. In support of said contention, plaintiff cites Macfarland v. Heim, 127 Mo. 327, 29 S. W. 1030. This case presents a situation wherein one signs as guarantee after the full execution of the contract and without consideration.

In the opinion, l. c. 333, the court says:

"Nothing is better settled in this state than that a subsequent agreement which does not form any part of an original contract, nor is supported by the original consideration thereof, nor by any new consideration, is a mere nude pact, of no force or validity. Such is the situation here. [Williams v. Williams, 67 Mo. 662; McMahan v. Geiger, 73 Mo. 145; Montgomery Co. v. Auchley, 92 Mo. 126.]"

Kelchner v. Morris, 75 Mo. App. 588, is cited by plaintiff in support of his contention. The declaration in this case is that no forgery can be ratified. Harris v. Tinder, 109 Mo. App. 563, is cited. The question involved therein is one of pleading, the court holding that where one for valuable consideration gave to another a note upon which his name appeared and, in a verified answer to suit, pleads *non est factum*, that plaintiff need not in reply plead ratification, citing 75 Mo. App., supra.

Plaintiff further cites Broughton Bros. v. Sumner, 60 Mo. App. 386. In the above case a partner in a firm gave the firm's note for a private debt. The court held that such did not bind the other partner but that said partner ratifying with knowldege of facts became responsible.

We conclude that none of the cases cited present such facts and conditions as make the conclusions therein applicable to the case at bar. There would be a similar situation, to that presented in the above cases, if the defendant herein was suing plaintiff for purchase price of the stock he accepted in settlement.

An infant can become a party to a contract that was made without his authority—by subsequently adopting same. [Ward et al. v. Steamboat Little Red, 8 Mo. 358.]

Infants after becoming of age can ratify contracts that otherwise were not binding upon them. [Baker v. Kennett, 54 Mo. 82.]

The above cases, however, only go to the question that infants on reaching majority may ratify as to contracts made without the express authority of the infant during the minority of said infant.

To determine the real issue in this case, to-wit: The ratification of a transaction that was entered into in derogation of provisions of statute, further is required.

The power of an infant to make a contract is well recognized by our law. Such contracts are of course voidable. However, such contracts are capable of being made valid by ratification.

The rule as to ratification found in Mechem on Agency, section 112 is recognized and approved by the courts of this State. The rule is as follows:

"It is, therefore, the general rule that one may ratify the previous unauthorized doing by another in his behalf, of any act which

he might then and could still lawfully do himself, and which he might then and could still lawfully delegate to such other to be done.''

See Dougherty v. Burgess & Son, 118 Mo. App. 569, also Alexander v. Wade, 106 Mo. App. 141.

The plaintiff could have himself lawfully bought the stock in question at the time same was purchased. Subject, of course, to repudiation when he became of age. The plaintiff could have lawfully bought the stock when he became of age. He on becoming of age could have, and, at the time of the final settlement could have lawfully delegated his mother, the curatrix, power to purchase same.

The defendant is shown to be a Missouri corporation. There is no charge made or supported by the evidence that defendant, by fraud or otherwise, took advantage of the curatrix. There is no contention that the stock delivered is not the stock purchased. There is no contention of misrepresentation as to value of the stock and there appears no offer to surrender the stock to defendant.

Under such pleading and such showing, we conclude that the rule as to ratification, above set forth, applies to this case and therefore hold that it was error for the trial court to render judgment for plaintiff.

For reasons above stated, the judgment is reversed and cause remanded to the Circuit Court of Clinton, County, Missouri, with direction that the said court render and enter judgment for defendant. All concur.